# CASES

ARGUED AND DETERMINED

IN THE

# SUPREME COURT OF ILLINOIS.

## THE CITY OF BLOOMINGTON

*v.*

## SILAS H. LEGG, ADMR., etc.

*Filed at Springfield, June 16, 1894.*

1. NEGLIGENCE—*evidence of similar injury from like causes.* In an action for injury resulting from negligence, evidence that accidents have occurred of a similar character to that which produced the injury in question, is competent, not for the purpose of showing independent acts of negligence, but as tending to show the common cause of such accidents is a dangerous and unsafe thing.

2. Where an issue is made as to the safety of any machinery or work of man's construction which is for practical use, the manner in which it has served that purpose when put to that use, is a matter material to the issue, and ordinary experience of that practical use, and the effect of such use, bears directly upon such issue. It no more presents a collateral issue than any other evidence that calls for a reply which bears on the main issue.

3. In addition to being evidence material to the issue to show a dangerous condition, it is also evidence material, as tending to show notice. The frequency of such accidents creates a presumption of knowledge, and is material to the question of diligence used to obviate the cause of the injury.

4. The rule is clear, that to render evidence of similar accidents, resulting from the same cause, competent, it must appear, or the evidence must reasonably tend to show that the instrument or agency which

caused the injury was in substantially the same condition at the time such other accidents occurred as at the time the accident complained of was caused.

5. On the trial of an action against a city for negligence in the construction and use of spouts to conduct water into a basin, from which an accident occurred, it appeared that a similar accident occurred before, but that the spouts were not the same when the prior accident happened. The trial court ruled in the presence of the jury that such evidence, if there were changed conditions, could not be considered to the prejudice of the city. The court by instruction told the jury that they were not to consider any testimony regarding accidents or trouble with horses occurring at the fountain at a time or at times when they believed from the evidence the spouts complained of were in a materially different condition from what they were at the time of the injury sued for: *Held*, that there was no reversible error in the admission of the evidence, guarded as it was by the statement and instruction of the court.

6. SAME—*evidence of fact happening after injury.* In an action against a city to recover for an injury caused by unsafe spouts leading to a fountain, whereby the bridle of a horse was caught and pulled off and the horse ran away, the court allowed the plaintiff to prove that the spouts were entirely removed after the injury: *Held*, that such evidence was not admissible.

7. PRACTICE—*exceptions to ruling on admission of evidence.* Where no exceptions are preserved in the record to any of the rulings of the trial court as to the admission of evidence over objections, this court can not pass on the propriety of such rulings.

APPEAL from the Appellate Court for the Third District; —heard in that court on appeal from the Circuit Court of McLean County; the Hon. OWEN T. REEVES, Judge, presiding.

This was an action on the case to recover damages for the death of Silas M. Legg, son of appellee. The declaration charges that the City of Bloomington erected a fountain on North Main street, to be used for drinking purposes and for watering horses. That around the fountain was a basin, into which water was conducted by two spouts; that the spouts were placed where the heads and bridles of the horses would come when drinking. That the spouts projected out several inches over the basin, and then bent, forming a hook, so that horses in drinking and after drinking, in lifting

their heads, were liable to catch or break their bridles, of which the city had notice.

Silas M. Legg, on September 10, 1889, was driving a team of horses, hitched to an oil wagon, on which he was riding, on said street, and while exercising due care and diligence for his own safety, and permitting the horses to drink from the basin of the fountain, the bridle of one of the horses caught upon a curved or bent spout and was pulled off, and the horses ran away without his fault, threw him off, and the wagon on to him, thereby causing his death.

Silas M. Legg left him surviving Silas H. Legg, his father, Martha A. Legg, his mother, Edgar Legg and Erwin Legg, his brothers, and Edith Legg, his sister, as next of kin.

Pleas by defendant of not guilty.

Two counts of the declaration were amended, so as to describe the spouts as projecting out straight instead of curved.

A trial by jury resulted in a verdict for plaintiff, and damages assessed at the sum of $1,000, on which judgment was rendered.  That judgment was affirmed by the Appellate Court, and this appeal is prosecuted by the city, it assigning error in allowing evidence to go to the jury that other accidents had occurred on account of the fountain spouts, and that it was error to allow evidence to show other accidents when the spouts were not in the same condition as at the time of the accident, and that instructions for plaintiff were erroneous.

Mr. T. C. KERRICK, Mr. SAIN WELTY, and Mr. J. P. LINDLEY, City Attorney, for the appellant:

Under the most favorable view, plaintiff's right to recover is a doubtful one, and such being the case, defendant should not be prejudiced by improper evidence.

It was error to permit plaintiff to show that other accidents had occurred on account of the fountain spouts. *Hodges* v. *Bearse*, 129 Ill. 87; *P. & P. U. Ry. Co.* v. *Clayberg, Admr.*, 107 Ill. 644; 1 Greenleaf Ev., sec. 52.

It was error to permit plaintiff to show that other accidents had occurred on account of fountain spouts, when they were not in the same condition as they were when the accident in question took place. *Legg, Admr.*, v. *City of Bloomington*, 40 Ill. App. 185.

It was error to permit plaintiff to show that other accidents had occurred on account of the fountain spouts, when the witnesses themselves say that they were not then in the same condition as when the accident to the boy took place.

It was improper to show that the spouts were removed by the city immediately after the accident. *Hodges* v. *Percival*, 132 Ill. 53.

The court gave improper instructions for the plaintiff.

Mr. JAMES S. EWING and Mr. JOHN T. LILLARD, for the appellee:

It was not error to permit appellee to show that other accidents had occurred on account of these fountain spouts. Not only is this question settled by the former decision of this case, but by the weight of authority everywhere. *City of Chicago* v. *Powers*, 42 Ill. 173; *Ottawa Gas Co.* v. *Graham*, 35 Ill. 346; *C. & N. W. Ry. Co.* v. *Hart*, 22 Ill. App. 207–210; *City of Aurora* v. *Brown*, 12 Ill. App. 122–131; *District Columbia* v. *Armes*, 107 U. S. 525; *G. T. R. R. Co.* v. *Richardson*, 91 U. S. (1 Otto), 470; *Delphi* v. *Lowrey*, 74 Ind., 524; *City of Topeka* v. *Sherwood*, 39 Kas. 695, 696; *Morse* v. *M. & St. L. Ry. Co.*, 30 Minn. 471, 472; *City of Ft. Wayne* v. *Coombs*, 107 Ind. 87, 88; *Quinlin* v. *City of Utica*, 11 Hun (N. Y.) 217; *Kent* v. *Town of Lincoln*, 32 Vt. 591–597; *Walker* v. *Westfield*, 39 Vt. 250; *House* v. *Metcalfe*, 27 Conn. 636; *Hoyt*

v. *Jeffers*, 30 Mich. 190; *Darling* v. *Westmoreland*, 52 N. H. 403, 404; *Smith* v. *O. C. & N. R. R. Co.*, 10 R. I. 27.

As to the objection that we were permitted to make proof of prior accidents when the fountain was not in the same condition as when the accident in question took place, see 107 Ind, 87; *Quinlin* v. *Utica*, 11 Hun, 219; 35 Ill. 349; 91 U. S. 349; 42 Ill. 173.

Mr. JUSTICE PHILLIPS delivered the opinion of the Court:

The declaration contained several counts, some of which alleged that the spouts of the fountain turned downward at an angle at the end, whilst other counts charged the spouts as projecting straight out.

Evidence was admitted, over the defendant's objection, that other accidents had occurred of a similar character to that which resulted in injury to the deceased. Evidence of other accidents occurring from the same cause is by many courts held incompetent.

This court has held such evidence competent, not for the purpose of showing independent acts of negligence, but as tending to show the common cause of these accidents is a dangerous, unsafe thing. Where an issue is made as to the safety of any machinery or work of man's construction which is for practical use, the manner in which it has served that purpose, when put to that use, would be a matter material to the issue, and ordinary experience of that practical use, and the effect of such use, bear directly upon such issue. It no more presents a collateral issue than any other evidence that calls for a reply which bears on the main issue. Such evidence is held competent by the weight of authority. *Ottawa Gas Light & Coke Co.*, v. *Graham*, 35 Ill. 346; *City of Chicago* v. *Powers, Admx.*, 42 Ill. 170; *City of Fort Wayne* v. *Coombs et al.*, 107 Ind. 75; *City of Topeka* v. *Sherwood*, 39 Kan. 690; *Dist. of Columbia* v. *Armes*, 107 U. S. 519; *Darling* v. *Westmoreland*, 52 N. H. 401. The same rule is adopted in Georgia,

Alabama, Connecticut, Minnesota, Michigan, and other States. In addition to being evidence material to the issue to show a dangerous condition, it is also evidence material as tending to show notice. *City of Chicago* v. *Powers, Admx., supra.* The frequency of such accidents would create a presumption of knowledge, and would be material to the question of diligence used to obviate the cause of injury.

The further point is made that plaintiff was permitted to show, over the objection of defendant, that other accidents occurred on account of the fountain spouts, when they were not in the same condition as they were at the time of injury to the deceased. The rule is clear, that to render evidence of similar accidents, resulting from the same cause, competent, it must appear, or the evidence must reasonably tend to show that the instrument or agency which caused the injury was in substantially the same condition at the time such other accidents occurred, as at the time the accident complained of was caused. The fountain spouts, when the fountain was first erected, projected two or three inches from the standard, and an elbow was screwed on to the outer end, which, in position, was perpendicular to the end of the spout, and projected downward. That elbow was removed, and that was the changed condition. It is not possible for a trial court to know the fact to be testified to by a particular witness, and whenever a witness was inquired of as to other accidents, the court, when the question was objected to, ruled in the presence of the jury that such evidence, if there were changed conditions, could not be considered to the prejudice of the city. And on the trial the court instructed the jury that they were not "to consider any testimony regarding accidents or trouble with horses, occurring at the fountain in question, at a time or times when you believe from the evidence the spouts complained of were in a materially different condition from

what they were at the time of the injury complained of in this case.''

Considering the instruction, and what was said by the court in ruling on the objection, we are not disposed to hold there was such error in the admission of that evidence that this judgment should be reversed. It is insisted that the court erred in allowing proof that the spouts were entirely removed after the injury to deceased. ''Evidence of precaution taken after an accident is apt to be interpreted by a jury as an admission of negligence.'' *Hodges* v. *Percival*, 132 Ill. 53.

Such evidence is not admissible; but it appears that the answer made by the witness was on cross-examination, and in response to a question asked by appellant's counsel, to which counsel asking the question objected, and the objection was overruled; on re-examination counsel for plaintiff inquired of the witness as to the same matter, to which counsel for appellant objected; no exception, however, was preserved in the record to any of the rulings of the court on these objections; there is, therefore, nothing for this court to review on that question.

We have carefully considered the objections made to the second and seventh instructions given for plaintiff, and are of opinion that they are not subject to the criticism made, and concur with the view expressed by the Appellate Court with reference to those instructions. We are of opinion that there is no reversible error in this record, and the judgment of the Appellate Court is affirmed.

*Judgment affirmed.*