## Samuel Rowlands v. The City of Elgin.

1. EVIDENCE—*Of Other Accidents.*—In actions for personal injuries from defective sidewalks, evidence of other accidents to other persons at the same place, and from the same cause, is competent as tending to show the common cause of the accidents to be the dangerous and unsafe condition of the walk.

Trespass on the Case, for personal injuries. Appeal from the City Court of Elgin; the Hon. RUSSELL P. GOODWIN, Judge, presiding. Heard in this court at the December term, 1895. Reversed and remanded. Opinion filed June 1, 1896.

JOSLYN & SCHULTZ, attorneys for appellant.

C. F. IRWIN, attorney for appellee.

MR. JUSTICE HARKER DELIVERED THE OPINION OF THE COURT.

This was an action on the case to recover damages for in-

juries sustained by appellant in falling upon a defectively constructed sidewalk of appellee.

There was a verdict in favor of the city and judgment against appellant for costs.

The evidence in the record shows that the sidewalk where appellant was injured was constructed upon a steep incline, with a drop of five inches to the foot, for the distance of five feet. Small cleats were nailed across the walk at this place between which ice and snow would accumulate in the winter months, making the walk slippery and somewhat unsafe for pedestrians.

After dark, on the evening of December 21, 1892, appellant, while endeavoring to pass down the walk at the place in question, slipped and fell upon the ice which had accumulated between the cleats and sustained quite serious injuries.

The negligence charged is the defective construction of the sidewalk. Whether it was reasonably safe, or defective to such an extent as to make appellee liable, was a question of fact for the jury. Appellant was entitled to all legitimate lights which proof could furnish, that would illuminate the way of the jury to a correct conclusion. One of the lights recognized by courts of last resort in this State, is evidence of other accidents to other persons, happening at the same place and for the same cause. Such evidence is competent, not for the purpose of showing independent acts of negligence or independent injuries, but as tending to show the common cause of accidents to be a dangerous and unsafe thing. The City of Chicago v. Powers, 42 Ill. 169; City of Bloomington v. Legg, Adm'r, 151 Ill. 9; Brown v. City of Aurora, 12 App. 122.

The trial court refused to allow proof when offered by appellant, of other similar accidents happening to other persons, while attempting to pass over the same piece of walk where he met his injury. For this error the judgment must be reversed.

We can not hold as contended by counsel for appellee, that with such proof admitted, appellant would not then

make out a case, and that for that reason, the judgment should be affirmed. The record shows that appellant was in the exercise of ordinary care, and had there been a recovery for him, we should not reverse because of the verdict being against the evidence. Reversed and remanded.