**Thomas J. Vlahovich, Plaintiff-Appellant, v. Betts Machine Co., a Foreign Corporation, Defendant-Appellee.**

Gen. No. 66–108.

Third District.

October 7, 1968.

Rehearing denied December 9, 1968.

SCHEINEMAN, J., dissenting.

James L. Hafele and Smith, Whitney & Church, of Peoria, for appellant.

Cassidy, Cassidy, Lindholm & Quinn, of Peoria, for appellee.

## STOUDER, J.

This cause is before us on appeal from a judgment of the Circuit Court of Peoria County in favor of defendant, Betts Machine Co., following a verdict of the jury in favor of said defendant.

Plaintiff-Appellant, Thomas Vlahovich, was employed as a truck driver by F. S. Services. On January 11, 1962, he delivered a cargo to the Knox County Oil Company in Galesburg, Illinois. While checking the clearance lights on the trailer which he was driving, he noticed that the mid-clearance light on the right-hand side had a burned out bulb. He secured a ladder and climbed up to reach and change the light bulb. The temperature at that time was ten or twelve degrees below zero. He climbed up the ladder to a point where the light assembly was at eye level with him. He then inserted a screwdriver in the indentation provided therefore, pried and possibly twisted the screwdriver to remove the plas-

tic lens. The lens shattered and a piece of the lens cut plaintiff's eye. Plaintiff testified that he had changed the lens "lots of times" and that they had broken in the process about six times previously. He further testified that in the shop where the trucks were serviced, they often applied a soap-type mixture on the ring around the lens to make it easier to remove, such mixture being one which the mechanics used to clean their hands. He also stated that he had never applied any soap or lubricant while out on the road. Plaintiff also stated that he did not read the instructions supplied by defendant, Betts Machine Co.

A professor of civil engineering testified as an expert witness for the plaintiff. He had examined the lens which cracked. In testifying as to the tensile strength of the lens, he stated that, in his opinion, without any resistance to removal, the tensile strain created from the use of the screwdriver could cause a fracture of the lens. On cross-examination this expert testified, that assuming there was no violation of the instructions on removal "the lack of grease or difficulty in unseating the lens" was a contributing cause of the fracture. He also stated that the lens would more likely fracture at lower temperatures. He found no grease on the "o" ring around the lens.

Another truck driver testified without objection that he had experienced breakage of this type of lens almost every time he changed one of the lenses and, also, that on occasion a portion of the lens struck him in the face. A Mr. Cochran who was called as an additional witness for the plaintiff began to testify that he had removed lenses which broke and hit him in the face, but, after defendant's objection to such testimony, the court refused to allow the witness to testify further.

In seeking to reverse the judgment of the trial court the plaintiff argues the court committed prejudicial and

reversible error in instructing the jury and in excluding Cochran's testimony.

██ The action in this cause was instituted by plaintiff under the theory of liability established by Suvada v. White Motor Co., 32 Ill2d 612, 210 NE2d 182. In that case, the court indicated that plaintiff must prove that (1) the injury or damage resulted from a condition of the product, (2) that the condition was an unreasonably dangerous one, and (3) that the condition existed at the time it left the manufacturer's control.

The principal issue in this case is the application of the Suvada rule. It appears that there are few well defined paths through the thicket of "absolute liability in tort." In predicating the liability of the manufacturer of a product upon condition and result the Suvada rule has made causation a pivotal issue of increased importance. Even before Suvada the subject of causation was not free from controversy.

Plaintiff's instruction number eleven, which is the complete IPI 15.01 (defining proximate cause), was, over his objection, modified by the trial court. The instruction was modified by excluding the following part of the instruction "It need not be the only cause, nor the last or nearest cause. It is sufficient if it concurs with some other cause acting at the same time, which in combination with it, causes the injury." By excluding such part of the instruction the plaintiff argues the court committed prejudicial error.

The propriety of the instruction tendered and modified depends upon considerations relating to multiple causation. Our present theory of legal causation is embodied in IPI 15.01. Although the pattern instruction was not adopted for specific use in products liability cases or with such cases in mind it does represent generally the present standard of legal causation.

██ The evidence is sufficient to support four theories of causation, *A*, unreasonably dangerous condition of

126

lens, *B,* failure to follow directions, *C,* maintenance of "o" ring and *D,* pressure exerted in removing lens. Under the Suvada rule cause *A* must be found to exist but it need not be the sole and only cause.

Both parties concede and the trial court agreed that negligence of the defendant was not the basis of defendant's liability and hence negligence of the plaintiff (contributory negligence) was likewise not an issue. It follows accordingly to defendant, that possible causes *B, C* and *D,* the only other possible concurring causes, relate to contributory negligence and such not being a proper issue, the portion of the instruction relating to concurring causes was properly excluded. Although it might be said that cause *C* (improper maintenance of "o" ring) does not necessarily relate to the conduct of the plaintiff (contributory negligence) such distinction is of no particular significance in the broader context of the basic error in the instruction as given.

█ In the comments to IPI 15.01 the use of the full instruction is proscribed where only the conduct of the parties is involved because such use would prejudice the defense of contributory negligence. If defendant's view be accepted, the use of the full instruction should be proscribed because of the opposite reason namely, absence of contributory negligence as an issue. Such paradox demonstrates the fallacy of defendant's argument and underscores the essential weakness of the instruction as given. That plaintiff's conduct, whether negligent or not, may be causally related to the injury is obvious. Indeed this was defendant's principal contention at the trial. The evidence is sufficient to warrant the conclusion that the injury could have been caused by any of the possible causes *A, B, C* or *D.* Such conclusion ignores the equally valid conclusion that the injury could have been the result of possible cause *A,* acting concurrently and in combination with possible causes *B, C* and *D* or any one of them. The jury however

127

was not instructed in this regard. It was not advised as to the effect of evidence of other possible causes or how such evidence should be considered in relation to the principal basis of liability, possible cause *A*. Under such circumstances the jury was prevented from considering a significant basis of liability and therefore the modification of the instruction constitutes prejudicial and reversible error.

██ We also believe the trial court erred in excluding the testimony of witness Cochran. One of the issues in this case was the unreasonably dangerous condition of defendant's product, namely, the likelihood that the lens would shatter in the course of removal in order to replace a bulb. Evidence of similar occurrences or the lack thereof involving like instrumentalities or agencies under similar conditions is relevant and admissible in the determination of such issue. Bloomington v. Legg, 151 Ill 9, 37 NE 696.

██ Both plaintiff and Nevendorf, another truck driver, testified without objection, to the breakage of the Betts' lenses on other occasions under similar conditions. In opposition to such testimony the defendant presented the testimony of witness Ryan, a Service Manager for the Fruehauf Trailer Company. He testified he was familiar with the Betts' clearance lights, had never had any complaints with respect thereto and had never heard of any injuries resulting from lens breakage. Under such circumstances we find no basis in the record to support the trial court's conclusion that Cochran's testimony was immaterial.

For the foregoing reasons the judgment of the Circuit Court of Peoria County is reversed and remanded with directions that plaintiff be granted a new trial.

Judgment reversed and remanded with directions.

ALLOY, J., concurs in separate opinion.

128

SCHEINEMAN, J., dissents in separate opinion.

ALLOY, P. J., concurring specially.

I concur in the conclusion reached in the foregoing opinion. On the basis of what is stated in the foregoing opinion and in the dissent (that the court failed to submit the issue of contributory negligence to the jury) I believe that remandment is required in this case.

I agree with my colleagues that the issues relating to proximate causation and the question of possible negligent conduct on the part of the plaintiff, require careful analysis, and, in certain areas, require clarity and guidance from the Court as to the basis for liability in a products liability case. We are reluctant to reverse and remand a judgment based on a jury verdict, unless the circumstances are such as to justify the conclusion that error in instructing the jury was sufficiently misleading to require reversal.

I believe we are all in agreement that a jury in a products liability case of the type before us should be instructed specifically that the dangerous condition of the product, if found to exist, must have been *a* proximate cause of the injuries complained of. The dangerous condition need not be the sole or only cause but it must in fact be a proximate cause of the injuries. This should be clearly indicated to a jury in such manner as to be readily understood by a jury.

Since this case has been before us for consideration, similar issues arising in this State have been considered by other courts (Williams v. Brown Mfg. Co., 93 Ill App2d 334, 236 NE2d 125; Dazenko v. James Hunter Mach. Co., 393 F2d 287; Sweeney v. Matthews, 94 Ill App2d 6, 236 NE2d 439). In Williams v. Brown Mfg. Co., supra, the court had occasion to analyze at length the case of Suvada v. White Motor Co., 32 Ill2d 612, 210 NE2d 182. The Appellate Court points out, I believe correctly (236 NE2d, at Page 132) that the Su-

129

preme Court in the Suvada case had stated that the view of the Supreme Court coincided with the position taken in § 402A of the American Law Institute's Revised Restatement of the Law of Torts approved in May 1964. In the Institute analysis, it is pointed out that contributory negligence of plaintiff would not be a defense unless plaintiff, as a user or consumer, discovers the defect and is aware of the danger and, nevertheless, proceeds unreasonably to make use of the product and is thereby injured by it. The court concludes, in Williams v. Brown Mfg. Co., 93 Ill App2d 334, 236 NE2d 125, at 133, that contributory negligence in a case based upon strict liability in tort would be an affirmative defense. It is there pointed out, that in determining the issue of contributory negligence, the conduct of the plaintiff is not to be measured against the objective standard of conduct of a reasonably careful person, but is to be determined by the test of whether the particular plaintiff has proceeded unreasonably to use the product after he has discovered the defect or has become aware of the danger or has voluntarily or unreasonably proceeded to encounter a known danger. This obviously would not exhaust the possibility of negligence on part of plaintiff; for example, a continued use by plaintiff of a product, knowing of a defective condition and the probability of injury, or a clearly abnormal and unforeseeable use by plaintiff.

In Williams v. Brown Mfg. Co., 93 Ill App2d 334, 236 NE2d 125, at 133, the court analyzes the reason for imposing the burden of proof of plaintiff's contributory negligence on defendant as follows:

> "A manufacturer is held to the degree of knowledge of experts. '. . . the duty contemplated by the court in Suvada is one of making the chattel safe for the use for which it is supplied,' Dunham v. Vaughan & Bushnell Mfg. Co., 86 Ill App2d 315, 229 NE2d 684. The question of what is ordinary or foreseeable

use is one of fact, Hardman v. Helene Curtis Industries, Inc., 48 Ill App2d 42, 198 NE2d 681, 12 ALR3d 1033. Charged with the duty of making the product safe for the foreseeable use to which it might be put, and armed with expert knowledge, the manufacturer should bear the burden of proving that improper, abnormal or unforeseeable use of the product contributed to cause the injury. It appears unjust and incongruous to place the burden of proof of freedom from contributory fault upon a user, entitled to rely upon the product's being fit for its intended use, and not charged with expert knowledge. In our opinion the same reasoning which justifies the doctrine of strict liability compels the adoption of the rule that when a plaintiff proves that his injury or damage resulted from a condition of the product, that the condition was an unreasonably dangerous one, and that the condition existed at the time it left the manufacturer's control (Suvada) the manufacturer must bear the burden of proof that the injury resulted from conduct of the plaintiff which contributed to cause his injury."

That this is a proper rule is manifest from the very nature of the conclusion of the Supreme Court in the Suvada case. To conclude otherwise would completely emasculate the doctrine that proof of the dangerous condition of the product and further proof that such dangerous condition caused the injury, would (in absence of affirmative proof of plaintiff's negligence) justify a recovery. To assert, as a basic principle in such case, that affirmative proof of freedom from any contributory negligence on part of plaintiff is requisite to a recovery, might require direction of verdict for defendant, even in face of proof of a dangerous condition of a product proximately causing the injury during its normal use, if no specific proof of freedom from contributory negligence is alleged or presented by plaintiff. To invoke such doctrine

131

and to instruct the jury on such basis would, in effect, nullify the products liability doctrine announced in the Suvada case. The question of plaintiff's contributory negligence, even where the burden of showing the same is placed upon defendant, is necessarily a question of fact for the jury. Whether instructions treating such question of contributory negligence would, in any particular case, constitute reversible error, must necessarily depend upon the facts of each particular case.

For reasons stated in this special concurrence, therefore, I have concurred in the conclusion that this cause should be reversed and remanded.

SCHEINEMAN, J., dissenting.

I am obliged to note my dissent in this case with apologies to my colleagues.

Differences of opinion exist in the interpretation of Suvada v. White Motor Co., 32 Ill2d 612, 210 NE2d 182. There are some who contend that the doctrine of contributory negligence has been abolished so far as cases involve the question of products liability.

The theory has been asserted that there can be no contributory negligence in a case that does not involve negligence of the defendant.

Some may base this notion on the fact that, prior to Suvada, all cases involving contributory negligence of the plaintiff also involved an issue of defendant's negligence, therefore, if a case does not involve an issue of defendant's negligence, it cannot involve contributory negligence. Surely this obvious violation of the basic principles of Logic cannot justify the theory.

Nor is there anything to justify the theory in the Suvada opinion. It is possible that plaintiff's attorney in that case, seeking to blaze a new trail in the law, and wishing to avoid having some side issue divert attention from the objective, may have included in the count on

132

products liability, the usual allegation that plaintiff was using due care. Certainly there was no argument on this point, since the opinion makes no reference to it.

In the subsequent case of People ex rel. General Motors Corp. v. Bua, 37 Ill2d 180, 226 NE2d 6, the court found that the case involved the question of liability for a defective product, and recited the requirements of such a case as specified in Suvada, adding, "However, under both counts it is necessary to prove that the plaintiff was in the exercise of due care for his own safety." The Federal Court has followed this ruling. In Dazenco v. James Hunter Mach. Co., 393 F2d 287 (7th Cir) a plaintiff's verdict was reversed for failure of the trial court to instruct that plaintiff must prove he was in the exercise of due care of his own safety.

Reference has been made to the Restatement 2d Torts, section 402-A, on the subject of products liability. Therein it is stated that contributory negligence of the plaintiff is not a defense when it consists merely in a failure to discover the defect. It further describes conduct of a plaintiff which would be a bar to his claim. The sentence which makes this assertion begins: "On the other hand the form of contributory negligence which consists in . . . ," etc. So, by this authority, when the plaintiff's conduct was such that his claim would be barred, it is properly called "contributory negligence" in products liability cases.

That the foregoing note states one fact which does not bar a claim, presents no novel idea. In any negligence case the question may arise whether the plaintiff's own conduct amounted to contributory negligence. If the court holds it does not, this would not be a precedent that the principle of contributory negligence is abolished.

The indications are already plainly to be seen, that adoption of this theory leads to confusion and difficulty of explanation, without accomplishing any basic change

133

in the law. Negligence of the plaintiff may still bar his claim even though it is called by some other name. Apparently a substantial segment of the legal profession sees no significance in the poetic suggestion that "a rose, called by any other name, will smell as sweet."

As examples of the difficulty caused by the theory see Sweeney v. Matthews, 94 Ill App2d 6, 236 NE2d 439. Also Williams v. Brown Mfg. Co., 93 Ill App2d 334, 236 NE2d 125. These cases involved products liability. In both the court arrived at the conclusion that the evidence did not justify a decision of the case as a matter of law, but that there was presented a question for the jury whether the plaintiff's acts amounted to negligence barring his claim. An effort was made to state this result without using the word "negligence." It was suggested there might be reference to the doctrine of assumed risk which presented other problems. The effort to avoid the use of the plain English word "negligence" fully understood by the bench and bar required great length. As a result, reading time for either opinion is about one hour.

The case at bar is an example of the confusion and detrimental effect of the theory upon jury instructions. The attorneys on both sides accepted the theory that contributory negligence should not be mentioned in a products liability case, hence, the jury was not instructed on what effect it would have. However, plaintiff tendered a version of IPI No. 12.05, Revised, which, in effect, tells the jury that if the alleged wrong of the defendant (issuing defective product) was proved to be a proximate cause of plaintiff's injury, it was not a defense that there was some other concurring cause.

There was evidence of lack of due care on the part of the plaintiff, including violation of the manufacturer's warnings. Therefore, the instruction would be misleading since the negligence of the plaintiff might be a

"concurring cause." This was the reason the trial judge modified the instruction.

It is my opinion the theory that plaintiff's negligence cannot be mentioned in a products liability case should be summarily rejected by the court as a nuisance to orderly processes of the law, without any logical basis or authoritative backing.

In my opinion the supposed ban of any mention of contributory negligence, left the jury without guidance as to its effect, and made it necessary to modify the tendered instruction. I think the modification should be approved under the stated conditions and should not be a basis for reversal.

The remaining ground for reversal, the exclusion of certain testimony, is not of sufficient importance, by itself, to justify reversal. Therefore, I would affirm the judgment.