## Records et al. *v.* Smith

[No. 10,282. Filed February 26, 1920.]

1. FRAUD.—*Representations of a Promissory Character.*—Fraud cannot be predicated upon representations, however false, which are of a promissory character, or having reference to a future intention of the party making them, or of possible future facts, but only upon false representations of an existing fact, either past or present. p. 625.

2. APPEAL.—*Review.—Harmless Error.—Ruling on Demurrer.*—In an action on notes, error, if any, in overruling a demurrer to a special paragraph of answer based on the theory of fraud, was harmless, where no evidence of fraud was introduced. p. 626.

3. APPEAL.—*Review.—Overruling Demurrer to Bad Answer.*—Overruling a demurrer to a bad answer is reversible error, unless it affirmatively appears that plaintiff was not harmed by such ruling. p. 626.

4. APPEAL.—*Review.—Evidence.—Sufficiency.*—In an action on notes by a partnership engaged in the promotion of trade extension campaigns, where defendant pleaded want of consideration, etc., evidence *held* sufficient to justify the jury in finding that defendant substantially performed his part of the agreement requiring him to furnish plaintiff with a stipulated number of names of persons whom he believed would co-operate in the campaign in a designated capacity. p. 626.

5. CONTRACTS.—*Partial Performance.—Breach by Other Party.—Liability.*—A party to a contract is not in position to complain of the want of performance of the contract on the part of the other party, where he himself is guilty of successive breaches thereof. p. 627.

6. APPEAL.—*Review.—Erroneous Instructions.—Affirmance.—Right Result.*—Error in giving or refusing instructions will not justify a reversal, where the verdict is right upon the evidence. p. 628.

From Gibson Circuit Court; *Simon L. Vandeveer,* Judge.

Action by James L. Records and Theodore O. Loveland, copartners, against George W. Smith. From a

judgment for defendant, the plaintiffs appeal.  *Affirmed.*

*Luther Benson,* for appellants.

*J. M. Vandeveer* and *Sanford Trippet,* for appellee.

NICHOLS, C. J.—This was an action by appellants, a partnership, against appellee upon three promissory notes all dated March 26, 1915, and due respectively in five, six and seven months after date, and executed by the appellee to the appellants under their firm name of Brenard Manufacturing Company. The complaint was in three paragraphs, each paragraph being based upon one of the notes and being in the usual form of such complaints. Appellee filed an answer in three paragraphs to the complaint, the first being a general denial, the second a plea of payment, and the third averring that at the time of the execution of each one of said notes the appellee was conducting a retail store at Oakland City, Gibson county, Indiana, and was engaged in selling at retail therein goods, wares and merchandise. Appellants at that time resided, or claimed to reside, at Iowa City, Iowa, and were engaged in the business of organizing and promoting clubs for various retail merchants in this and other states with a view of starting campaigns to stimulate, extend and increase the retail gross sales of retail merchants; that the notes sued upon, together with three other notes for $80, each of the same series, were given in consideration of the faithful performance by appellants of their written contract executed at the same time, in substance, as follows:

That appellant should deliver to appellee a Clax-

ton piano, certain watches, silverware and advertising matter, for which appellee agreed to pay these notes aggregating $490. Appellants agreed to send their organizer within the first six weeks from the starting of the campaign for constructive campaign work and for the completion of clubs, such organizer to remain for such a period as appellants might deem necessary, during which time appellee was to furnish free the necessary conveyances to properly conduct the work. Appellants agreed to conduct all correspondence with contestants and clubs in conducting and managing the entire Trade Extension Campaign. Appellee represented that his sales were not less than $15,000 for the past twelve months and upon this figured that his sales for the succeeding twelve months should be $18,000, and that, if 2 13/18 per cent. of his sales did not amount to $490 in such succeeding twelve months, appellants were to pay the deficiency in cash and, upon approval of appellee's order, appellants were to send a bond of $490 to cover the agreement. Appellee agreed to furnish within ten days approximately 150 names and addresses of persons who he believed would make good club leaders and members, to take shipments promptly to carry out the Trade Extension Campaign plan, to meet all notes and other obligations entered into under the agreement, to keep the piano well displayed in his store, to issue the premium deposit checks to the amount of each purchase, at the end of every thirty days of the contract period to report his gross sales, and to furnish all information requested to enable appellants to push the Trade Extension Campaign. It was agreed that the order should not be countermanded. The list of the property embraced

in the appellee's order to be used in the extension campaign as prizes and premiums is set out in the contract.

Appellee paid appellants the first three of said notes, aggregating $240, but appellants failed, neglected and refused to carry out and perform the provisions of said contract, though often requested by appellee to do so, but, on the contrary, breached the contract in each one of the following particulars:

(1) Appellants did send a person, an incompetent woman, to start the campaign work for such special sale, but she did nothing toward organizing any contest or contests, club, or clubs, of buyers, and in reality appellants accomplished nothing toward the furtherance of the "Trade Extension Campaign." Appellants did not conduct any correspondence with contestants or with clubs in conducting or managing said Trade Extension Campaign. During the next twelve months of sales, immediately after the date of the execution of said contract, such sales were not $18,000, nor did 2 13/18 per cent. of appellee's gross sales amount to $490 for such twelve months, but were $250 short of that amount, and appellants have not paid appellee said deficiency or any part thereof. The notes sued on were given for no other or different consideration. The appellee has in all respects performed all and singular the agreements of said written contract on his part to be performed. By reason of the foregoing there is a total failure of consideration for each and all of said notes. Appellee filed a fourth paragraph of answer to appellants' complaint, the substance of which, after preliminary allegations as in the third paragraph, is that the contract and notes sued upon were procured by appel-

lants by fraud and false representations in this, that prior to the execution of said contract and of said notes, appellants falsely and fraudulently represented to appellee, with the intention of deceiving him, that said Trade Extension Campaign was an honest, lawful and legitimate method and means which they had and would use to extend and increase his said retail business, and that the same would be conducted in all respects honorably and honestly, and in a fair and legitimate manner; that said campaign which they were putting on at appellee's store would produce for him more than enough to increase his sales over that of the preceding twelve months to pay all of the notes and more, and that their method and plan of increasing his business was one guaranteed by them to be certain of producing the stipulated increase in trade, and one in which appellee could possibly take no chance of losing or paying out any money, as his business would increase by said campaign twenty per cent. Appellee believed and relied upon said representations so made, and was thereby induced to execute said contract and notes. After the execution of said contract and notes appellants pretended to organize and start the trade campaign and club contest at appellee's said store, and pretended to organize certain clubs and further certain contests on the part of certain persons buying and trading at appellee's store; that it was a part of the plan of said pretended contest that with each purchase so made such purchaser was to receive a certain number of votes, depending upon, and in proportion to, the amount of said purchases, which said votes were to be placed to the credit of any contestant whom the purchaser desired, and at the end of the

specified time the contestant receiving the highest number of votes was to receive a premium free of some one of the articles of silverware, or other goods mentioned in the written contract. Appellant never did and never intended to organize or conduct a real, genuine and legitimate contest, but started a bogus and sham campaign and contest merely for the purpose of deceiving appellee, and gaining time on appellee so that said notes would become due and be paid before appellee could realize that said campaign was a fraud and a fake; that, during their conduct of said pretended contest, appellants falsely and fraudulently gave and added a certain number of votes to the credit of certain contestants merely and solely to keep the total number of votes of various contestants approximately even, regardless of whether any purchase had been made authorizing the giving of said votes at all, and in direct fraud upon those contestants who were really trying in earnest to get votes by purchases so made at said store; that by reason thereof said pretended contests soon showed lack of interest and signs of complete failure, and thereupon appellants disclosed to said appellee their schemes and methods of conducting said compaign, and tried to induce appellee falsely and fraudulently to add large numbers of votes to contestants needing votes, and falsely represented to said contestants that they had received credit for large numbers of votes for purchases made by others, when, in truth and in fact, no such purchases had been made and such contestants were not entitled to such votes; that said method and scheme was a cheat and a fraud both upon contestants and appellee, as both soon discovered, and thereby appellee's

business was damaged and injured; that the repre-
sentations made at the time of the execution of the
contract and notes were false and fraudulent, and
known to be so by appellants. Appellee was ignorant
thereof, and relied upon the representations made by
appellant, and was thereby induced to make the con-
tract. Upon discovery of the fraud on August —,
1915, appellee notified appellants that he had re-
scinded said contract, and demanded the surrender
of his notes, which was refused; that the said sum of
$240 already paid was more than the full value of
all the articles of silverware and other goods received,
and was more than the full value of all that appellee
had received under the contract. Appellee demanded
the notes to be surrendered and canceled. Appellee
filed a counterclaim, but as there was no recovery
thereon we do not need to state its averments or the
averments of the pleadings thereto. Appellants filed
a reply in general denial to the second and third para-
graphs of appellee's answer and a second paragraph
of reply to the third paragraph of answer, which
in substance was that they fully performed the con-
tract set out in said paragraph of answer, as far as
permitted to do so by appellee, and that by the terms
of said contract appellee certified and fradulently
and falsely represented, with intention that appellant
should rely and act thereon, that his gross sales for
twelve months, immediately prior to the execution
of the contract, were $15,000, when in truth and in
fact said gross sales were but $10,000, as appellee
well knew, at the time said contract was executed,
and which appellants did not know; that the promise
and agreement in said contract to pay appellee in
cash the deficiency between 2 13/18 per cent. of the

gross sales for said period of twelve months follow-
ing the date of the contract and the sum of $490
was made and entered into in reliance upon said rep-
resentation, and was payable only upon condition
that said representations were true and not other-
wise. There was a demurrer to the fourth paragraph
of answer, which was overruled, and thereupon ap-
pellants filed a reply in general denial. There was
a trial by jury with a verdict for the appellee and
that appellants take nothing. Appellants filed their
motion for a new trial, which was overruled, and
judgment was rendered upon the verdict against the
appellants, and they now prosecute this appeal.

The errors assigned and relied upon for reversal
are that the court erred in overruling appellants'
demurrer to appellee's fourth paragraph of answer,
and that the court erred in overruling appellants'
motion for a new trial.

Appellants contend that there was error in over-
ruling appellants' demurrer to the fourth paragraph
of answer, and that such paragraph proceeds
1. on the theory that the contract and notes in-
volved in the case were procured from the
appellee by appellants by the means of false and
fraudulent representations perpetrated and made be-
fore, and at, the execution of such notes, which rep-
resentations appellee relied upon, and was thereby
induced to execute such contract and notes. Appel-
lant cites authorities to the effect that fraud cannot
be predicated upon representations, however false,
which are of a promissory character, or having ref-
erence to a future intention of the party making them,
or of possible future facts, but only upon false rep-
resentations of any existing fact either past or pres-

ent. This rule of law is well established in Indiana, though questioned in some jurisdictions. However, it is the contention of the appellee that appellants proceed upon an erroneous theory, the theory of such fourth paragraph of answer being failure of consideration. The paragraph of answer cannot be commended as a model of clearness and definite expression, but whether we treat it as an answer upon the theory of failure of consideration or upon the theory of fraud the result must be the same. As an answer of failure of consideration it is sufficient, and as an answer of fraud it is harmless, for 2-3. no evidence of fraud at the time the contract was entered into was introduced. We are not unmindful of the rule that overruling a demurrer to a bad answer is fatal unless it appears affirmatively that the plaintiff was not harmed, but it appears here that no harm was done. *Smith v. Frantz* (1915), 59 Ind. App. 260, 265, 109 N. E. 407; *Robinson & Co. v. Nipp* (1898), 20 Ind. App. 156, 50 N. E. 408; *State, ex rel. v. Board, etc.* (1905), 165 Ind. 262, 265, 74 N. E. 1091, 6 Ann. Cas. 468.

Appellants, in arguing that the verdict is not sustained by sufficient evidence, contend that, as the consideration for the notes was the performance on the part of the appellants of the written contract embodied in the third and fourth paragraphs of answer, before appellee can plead and prove a breach of such contract he must show that he had performed the same. Appellants, however, do not claim any failure upon the part of the appellee to perform the contract prior to the time that appellants sent their representative to start the campaign, except the failure upon the part of the appellee to

send the 150 names. Appellee testified in chief that, before appellants' organizer was sent, appellee had mailed them names and that he sent them the names at once. Upon cross-examination he testified that he did not remember just exactly that he sent as many as 150 names, and that he sent them to the appellants inside of two or three weeks, perhaps something like ten days. As far as the evidence shows, there was no complaint on the part of the appellants of nonperformance of this part of the contract, until after the bringing of this action, and until after appellee alleged appellants' breaches of the contract. Under this condition, the jury was justified in concluding that the contract in this particular had been substantially performed by the appellee. Before any breaches complained of by appellants had occurred appellants had sent an incompetent woman as an organizer, who accomplished nothing toward the furtherance of the Trade Extension Campaign. They had substantially failed in the organization of clubs, and were wholly failing in increasing the amounts of sales by the appellee. In the meantime appellee had paid three of the $80 notes and, as appears by the evidence, made a good-faith

5. effort to comply with the terms of the contract. Appellants are not in a position to complain of the want of performance of the contract on the part of the appellee when they themselves were guilty of successive breaches thereof. *Summers* v. *Sleeth* (1874), 45 Ind. 598; *Kaufman* v. *Rader* (1901), 108 Fed. 171, 47 C. C. A. 278, 54 L. R. A. 247.

Appellants earnestly contend•that the court erred

in giving each of certain instructions on its own motion, and in refusing to give each of certain

6. instructions tendered by appellants, but we do not deem it necessary that we discuss the alleged errors, for we have carefully examined the evidence, and we hold that a right result was reached. Even if there was error in giving or refusing instructions, such error will not justify a reversal where the verdict is right upon the evidence. §700 Burns 1914, §658 R. S. 1881; *Ohio Oil Co.* v. *Detamore* (1905), 165 Ind. 243, 73 N. E. 906.

The judgment is affirmed.