## HORNER ET AL. *v.* BOOMERSHINE.

[No. 12,891.    Filed June 5, 1928.    Rehearing denied October 10, 1928.]

*Robert E. Proctor* and *Fred W. Morrice,* for appellants.
*Deahl & Deahl* and *Luke H. Wrigley,* for appellee.

ENLOE, P. J.—The appellee, claiming to be the illegitimate daughter of one Franklin Juday, brought this action to quiet her title to certain lands of which said Juday died seized. From a verdict and judgment in favor of appellee, and quieting her title to said lands,

this appeal is prosecuted by the appellants who are the collateral heirs of said Juday. The error assigned is the action of the court in overruling the motion for a new trial, under which are presented the matters hereinafter considered.

Upon the trial it was stipulated that Franklin Juday died, intestate, a resident of Elkhart county, Indiana, on May 5, 1924, the owner of the lands described in the complaint; that he was never married; that he left surviving no legitimate children and no descendants of legitimate children; and that he left neither father nor mother surviving him. Upon the issues as formed and under the facts stipulated, it was necessary for the appellee to establish two facts before she would be entitled to a decree in her favor, viz.: that she was the illegitimate child of the said Franklin Juday, and that said Juday had, in his lifetime, acknowledged her to be his child.

The appellants complain of the action of the court in admitting in evidence, over their objection, "plaintiff's Exhibit 1." But appellants' brief fails entirely to set forth said exhibit or to state what objection, if any, was made to the introduction thereof. Under such circumstances, as against appellants, we must presume that the said ruling was correct. Appellants next complain of the action of the court in admitting in evidence appellee's exhibits Nos. 2, 3, 4, 5 and 6 over their objection. Here again, the said exhibits are not set out nor is any statement made as to what objection or objections, if any, were made to their introduction in evidence, and so again we must presume in favor of the action of the trial court.

As before said, it was incumbent upon the appellee to establish the fact that she was the illegitimate child of Franklin Juday; this involved a matter of pedigree. Upon the trial, one Benjamin Coy

was called as a witness for appellee. He testified that he had married Sarah Darr, the mother of appellee, and that his said wife was dead; that appellee was six years old when he married her mother; that, after he married the mother, the appellee lived with himself and wife; that the appellee was known and called by the name of "Ada Juday"; and that, both before and after his marriage to said Sarah Darr, he had talked with her about the parentage of the appellee. He was then permitted, over the objection of the appellants, to testify that his said wife had told him on several occasions, when talking to her on that subject, that Ada Juday was the daughter of Franklin Juday. This testimony, although hearsay, was competent. See *Castor* v. *McDole* (1923), 80 Ind. App. 556, 148 N. E. 643, (points 11 and 12) and authorities there cited.

It is next urged that the court erred in excluding from the consideration of the jury appellants' "Exhibit C." This exhibit was a writing purporting to have been signed by one Sam Basor and directed to Franklin Juday, in which writing Basor said that he was the father of Sarah Darr's child. We know of no rule of evidence under which said writing was competent evidence to go to the jury in this case; the court did not err in excluding it.

It is also urged that the verdict of the jury is not sustained by sufficient evidence and is contrary to law. In this contention we cannot concur. The record discloses that many witnesses testified concerning the fact of "acknowledgment." The witness Thomas J. Rohrer, aged seventy, testified that he knew both Franklin Juday and Sarah Darr; that appellee was born about January 21, 1875; that Juday courted Sarah Darr for several years before Ada was born; that he had talked with Franklin Juday many times about the appellee and that Juday said "the girl belonged to him";

that on the occasion of a meeting at the Wehrley school-house—singing school—Sarah Darr came into the house carrying the appellee, Ada Juday, in her arms, and that Franklin Juday then and there said, referring to the appellee, that she was his daughter; that this last statement was made in the presence of Austin Griesemer and Franklin Butt. Austin Greisemer testified that he knew both Franklin Juday and Sarah Darr; that they kept company with each other; that he remembered the occasion at the Wehrley schoolhouse; that on that occasion he heard Franklin Juday say that the appellee was his daughter, Sarah Darr having the appellee in her arms at the time the remark was made, carrying her. Ira A. Hoshaw testified that he knew both Franklin Juday and Sarah Darr; that the appellee, as a child, went by the name of Ada Juday; that he and Juday went to dances and other public gatherings together and that, upon one occasion, in speaking of the appellee, Franklin Juday referred to her as "my daughter Ada," and told the witness that sometime he wanted him, Hoshaw, to take him, Franklin Juday, over to see Ada. James Rentfrow testified that at one time he worked for Franklin Juday, and that, on one occasion, while working for Juday, Juday asked him if he had seen anything of his girl while working for Dan Darr, and, on being told by the witness that he had, Juday said to the witness that if he, witness, would marry the girl, he, Juday, would start him up in business. There is also testimony that after appellee was married to Boomershine, Franklin Juday spoke of and referred to Boomershine as his son-in-law, and said he was glad to hear that he and Ada were getting along well. The fact of illegitimacy, as it is involved in this case, is tacitly admitted by appellants, and they only make contention as to the sufficiency of the evidence to establish the fact of acknowledgment by Franklin Juday that appellee

was his child. It is true, as contended for by appellants, that such an acknowledgment as the law contemplates must be one which is definite, certain and unequivocal, but the testimony of the witnesses above set out fully meets this requirement, amply satisfies the law upon this point; and sustains the verdict.

Complaint is also made of the action of the court in giving certain instructions, and in refusing to give certain tendered instructions, but, upon the record before us, the verdict of the jury is so clearly right that the action of the court in these matters does not call for a reversal of this case. *Casteel* v. *Casteel* (1846), 8 Blackf. (Ind.) 240, 44 Am. Dec. 763; *Brooster* v. *State* (1860), 15 Ind. 190; *Simmon* v. *Larkin* (1882), 82 Ind. 385; *Norris* v. *Casel* (1883), 90 Ind. 143; *Woods* v. *Board, etc.* (1891), 128 Ind. 289, 27 N. E. 611; *Ohio Oil Co.* v. *Detamore* (1905), 165 Ind. 243, 73 N. E. 906; *Records* v. *Smith* (1920), 72 Ind. App. 618, 126 N. E. 335.

Affirmed.

Dausman, J., absent.