## BELL *v.* PARTLOW.

[No. 13,148. Filed January 4, 1929.]

*Laymon & Laymon,* for appellant.
*Harker & Irwin,* for appellee.

NICHOLS, J.—Appellee brought this action against appellant to recover a commission for the sale of real estate.

There were two paragraphs of complaint, the first of which was to recover on a check given by appellant to appellee for $290. The second paragraph declared upon a written contract between appellant and Samuel J. and Minnie M. Bratton, in which contract it was provided that "the said first party agrees to pay to the said E. T. Partlow, real estate agent, as a commission, the sum of $290, and the second parties agree to pay to said agent the sum of $180 as and for his services in effecting the above sale and exchange of properties, such sums to be paid at the consummation of this contract."

Appellant filed five paragraphs of answer, none of which was predicated upon fraud, as to the giving of said check or as to the execution of said contract, and she says in her reply brief that the sole question to be determined by the court on appeal is whether or not appellant's amended cross-complaint pleads fraud predicated upon a misrepresentation of an existing fact or predicated upon a future promise. We therefore do not set out any of these paragraphs of answer or the court's ruling with reference thereto.

Appellant's amended cross-complaint avers in substance that the check sued upon and the following part of the written contract sued upon, to wit: "The said first party agrees to pay to the said Elmer T. Partlow, real estate agent, as a commission, the sum of $290," were procured by appellee from appellant by fraud and false representation in that prior to and immediately before the making, executing and delivering of the check

and written contract, appellee falsely and fraudulently represented to appellant that for his services as real estate agent in the execution and consummation of the trade between appellant and the Brattons, who were the other parties to the original contract, he was to receive $200, regardless of the amount to be afterwards stipulated in the contract and regardless of any amount appellee might insert in said written contract and that $200 would be in full payment for his services on her part to be paid, and that he falsely and fraudulently represented to her that she would only be required to pay him as a commission for his services $200 regardless of whatever amount might be stipulated in the contract which was afterwards executed; that said representations and all of them were false and were then known by appellee to be false and were made by him with the fraudulent purpose and intention to defraud and deceive appellant in securing her to execute said check and written contract, which check and written contract stipulate the amount as being $290 and which amount was and is injurious to her interest and which false and fraudulent representations appellee knew at the time were false, and by his design and device he secured the execution of the instruments referred to, to the injury of appellant, by designedly and knowingly causing a false impression and belief to be entertained by appellant whereupon she executed said instrument. Wherefore, she sues and asks that said check and contract sued upon be canceled, held void and for all other proper relief.

Appellee filed a demurrer to the amended cross-complaint on the grounds that it did not state facts sufficient to constitute a cause of action in favor of appellant and against appellee, which demurrer was sustained, and appellant failing and refusing to plead further, the court rendered judgment that appellant take nothing by reason of said cross-complaint and the court

further rendered final judgment for appellee for $313.92 and costs.

Had there been a motion to strike out this amended cross-complaint, it should have been sustained. Such cross-complaint seeks only for relief in equity by the cancellation of the check and contract sued upon. If appellant had an adequate remedy at law for fraud in procuring the execution of the check and contract, she should have so pleaded it in answer. In *New York Life Ins. Co. v. Adams* (1924), 145 N. E. (Ind. App.) 499, this court, speaking by McMahan, Judge, quoted with approval from *Phoenix Mutual Life Ins. Co. v. Bailey* (1871), 13 Wall. (U. S.) 616, 20 L. Ed. 501, as follows: "Where a party if his theory of the controversy is correct, has a good defense at law to a 'purely legal demand,' he should be left to that means of defense, as he has no occasion to resort to a court of equity for relief, unless he is prepared to allege and prove some special circumstances to show that he may suffer irreparable injury if he is denied a preventive remedy." Such defense could have been made at law by an answer setting up the acts which appellant contends to be fraudulent. However, as we view the averments of the amended cross-complaint, even if they had been presented by way of defense, they were insufficient to constitute a valid defense to either paragraph of complaint. It cannot be said that the averments were of existing facts, but rather promises of future performance, and, as such, were unavailing as a defense. *Bennett* v. *McIntire* (1889), 121 Ind. 231, 234, 23 N. E. 78, 6 L. R. A. 736; *Voorhees* v. *Cragun* (1916), 61 Ind. App. 690, 696, 112 N. E. 826; *Records* v. *Smith* (1920), 72 Ind. App. 618, 625, 626, 126 N. E. 335; *Tribune Co.* v. *Red Ball Transit Co.* (1916), 84 Ind. App. 666, 151 N. E. 336, 338.

We find no reversible error. Judgment affirmed.