JOHN AND REBECCA WALKER v. THE TOWN OF WESTFIELD.

*Highway. Evidence. Rebutting Testimony. Collateral Issue.*

Where, in an action for damages for an injury received on account of insufficiency in the highway, the defendants had introduced, as witnesses, two of the selectmen of the town, who testified that they passed over the highway in question about twelve days after the injury was received, and that there was no such defect as the plaintiffs claimed, it was *held,* that the testimony, as to its condition, of one who passed over the road two days after the injury was received, was admissible to rebut the testimony of the selectmen, and could not then be excluded, even if it might be regarded as not competent in the opening, upon the main issue.

But it is *held,* that such evidence would not tend to open a collateral issue, but would be direct to the material issue in the case, and therefore, if offered in the opening, it should be admitted by the court.

A fact that illustrates, as by an experiment, the condition of the subject matter of the issue in controversy, is not collateral to that issue, but is direct evidence bearing upon it.

The court had explained to the jury in what " the requisite degree of prudence" would consist in order to shield the plaintiffs from the imputation of a want of care and prudence, and proceeded further to charge them, that if they should find a want of such requisite degree of care, " you will then inquire whether such want of care and prudence contributed to the accident, if you find that it did not, that such accident would have happened the same if such want had not existed, then such a want of care is of no consequence in the case, and will not prevent a recovery." *Held,* that the charge was not erroneous.

The test is not whether the accident would have occurred independently of such want of care, but whether such want of care and prudence contributed in any degree, *in point of fact,* to the happening of the accident.

Walker et ux. *v.* Westfield.

In order for a plaintiff to make a case upon which he may safely rest, it is necessary that he should submit a state and character of evidence upon which the jury would be authorized to find, affirmatively, both that the defect in the road operated to produce the accident, and that no want of care on his part contributed to it.

Where the plaintiff is chargeable with a want of the exercise of ordinary care, it is proper to submit it to the jury to find whether such want contributed to the accident.

ACTION on the case to recover damages for a personal injury which it was claimed that the plaintiff, Rebecca Walker, had sustained by reason of insufficiency of a highway in Westfield. Plea, the general issue, and trial by jury at the April Term, 1866, STEELE, J., presiding.

The plaintiffs' evidence tended to show that on the 4th of November, 1863, they were passing over the "notch road," that John Walker led the horse down the steep places, his wife and two children riding. On reaching the foot of these places John Walker stepped about fifteen feet ahead, when, as the plaintiff Rebecca was driving, the forward wheels of the wagon dropped over a log lying across the highway, and forming a part of a causeway, into a mud hole, made by the removal of some of the logs of the causeway, and deceptive in its appearance; that the wheels struck suddenly against another log; that the ground was, at this point, somewhat descending, and the forward wheels went into the mud to the axle; that the plaintiff Rebecca was thrown out violently and her spine seriously injured, and that the horse then stopped. The day before the plaintiffs passed over this road the other way and were now returning home. In passing up this road the day before both the plaintiffs walked, Rebecca behind the wagon, and John driving beside his horse. The defendants' testimony tended to show that the highway was sufficient; that the accident occurred elsewhere, and that the plaintiffs were not in the exercise of proper care. Upon the first point the defendants introduced the testimony of one Hoyt and one Richardson, selectmen of the town, who stated that on the 15th or 16th of November they passed over this road; that Richardson rode and Hoyt walked to see how the wagon would work coming down the hills, and their testimony tended to show that the wagon would not go into the mud as the

plaintiffs said, and that there was not so deep a hole there as the plaintiffs claimed. The plaintiffs in their rebutting testimony introduced a witness, Charles Campbell, who testified that he passed over this road one of the first days of November, he thought the 5th or 6th, on his way from Coventry to Montgomery; that he had a span of horses and common lumber wagon; that he found no diffi culty until he passed some steep places, when his horses stepped into a mud hole, but did not stop, and a little further on they stepped into another in which they stumbled; that at this point was a piece of causeway, and some of the logs had been thrown out of place by the frost; that the wagon went down into the mud and water between the logs, and that he started the horses and with his aid in lifting the wagon they drew it out.

The admission of Campbell's testimony was objected to by the defendants, because it had no tendency to prove the issue between the parties, and would throw the burden on the defendants of trying the fact whether the team was managed with proper prudence, but it was admitted by the court,—to which the defendants excepted. The plaintiffs' evidence tended to show that the accident complained of occurred at the point where Campbell lifted the wagon out of the mud. Other testimony, not detailed, was introduced upon both sides, as to the insufficiency of the road, and upon its appearance, whether calculated to put the traveller on his guard or not. The counsel for the defendants claimed in argument that the plaintiffs had not established that they were in the exercise of the requisite degree of prudence, because the horse was unsuitable, the wagon and the load unsuitable, the driver incompetent, the defect in the highway apparent, and the plaintiffs not ignorant of it.

No exceptions were taken to the instructions as to the degree of prudence necessary for the plaintiffs to establish nor to the application of the rule to the evidence and the claims thereon.

Among other things the court told the jury that if the plaintiffs were in any respect wanting in the requisite degree of prudence "you will then inquire whether such want of care and prudence contributed to the accident. If you find that it did not, that the accident would have happened the same if such want had not existed, then such

Walker et ux. v. Westfield.

a want of care is of no consequence in the case and will not prevent a recovery,"—To which the defendants excepted. The jury returned a verdict for the plaintiffs for the sum of $1500. damages.

*Edson & Rand* and *Dewey & Noble*, for the defendants.

I. We insist that the testimony of Campbell was not properly admitted. *Collins* v. *Dorchester*, 6 Cushing, 396 ; *Aldrich* v. *Pelham*, 1 Gray, 510 ; *Robinson* v. *Fitchburgh R. R.*, 7 Gray, 92 ; *Hubbard* v. *R. R.*, 39 Maine, 506. The introduction of such proof must lead to the forming of a multitude of issues. 1 Greenl. Ev., § 448. It had no tendency to prove the condition of the road on the 4th day of November. Campbell was there a day or two after the accident, the 5th or 6th. The defendants could not have anticipated and could not have prepared to meet such evidence. 1 Greenl., § 52. The only case we have found which can be claimed as an authority in this case is the case of *Kent* v. *Lincoln*, 32 Vt. 591, but even that case does not sustain the proposition. It does not appear that the witnesses passed over the road after the accident, but about the time of, and various times before, the accident. We should infer all passed before.

II. The charge of the court was incorrect and calculated to mislead the jury. *Hunt* v. *Pownal*, 9 Vt. 411 ; *Kelsey* v. *Glover*, 15 Vt. 711 ; *Allen* v. *Hancock*, 16 Vt. 231 ; *Hill, Adm'r* v. *New Haven*, 37 Vt. 501 ; *Moore* v. *Abbott*, 32 Maine, 46 ; 2 Pickering, 621.

*Royce, Bailey & Davis*, and *M. W. Bailey*, for the plaintiffs.

I. The testimony of Campbell was properly admitted by the court, because :

1st,—It had a tendency to prove the insufficiency of the highway at the place where the accident occurred, by means of which the plaintiff, Rebecca Walker, was injured. *Kent* v. *Lincoln*, 32 Vt. 591.

2d,—It had a tendency to rebut the testimony of Hoyt and Richardson as to the condition of the road at this place. 23 Pick. 264.

3d,—It had a tendency to explain why the mud was not so deep on the 15th of October as on the day the accident occurred, and

16

thereby rebut the testimony of the defendants' witnesses as to the sufficiency of the highway on the 15th of October.

II. 1st,—The charge of the court was correct. If not, then it must be held that the want of care on the part of the plaintiffs, which did not contribute to the accident, would prevent a recovery.

2d,—The true rule in this class of cases is, " that if the negligence or carelessness of the person injured contributed in any material degree to the production of the injury complained of he cannot recover. *Hill, Adm'r*, v. *New Haven*, 37 Vt. 501.

3d,—It is essential that the negligence or carelessness should contribute to the injury in order to prevent a recovery. *Howard* v. *Burton*, 25 Maine, 40 ; *Moore* v. *Abbott*, 32 Maine, 46 ; *Cassidy* v. *Stockbridge*, 21 Vt. 391 ; *Sager* v. *Barkhamstead*, 22 Conn. 290.

Again, it cannot be claimed even that the jury were liable to be misled, for it appears that they were charged " as to the degree of prudence necessary to be established by the plaintiff," and to the charge in this respect no exceptions were taken.

The opinion of the court was delivered by

BARRETT, J. This is an action against the town to recover damage for an injury sustained by the plaintiff's wife by reason of the alleged insufficiency of a highway, over which the plaintiffs were passing with a horse and wagon.

The plaintiffs had given evidence to show the defective condition of the road, and the manner in which the accident was caused thereby, and, in substance, that, in a space between two logs that had constituted a part of a causeway, the wheels dropped into mud and water, causing at the same time a sudden stop of the wagon, and as the result, the wife was thrown forward out of the wagon and badly injured. The defendants, to meet this evidence as to the condition of the road, introduced two of the selectmen as witnesses, who testified that some twelve days after the accident they went over this road, and the alleged bad place, at which the accident to the plaintiffs happened ; that one rode and the other walked to see how the wagon would work coming down the hills ; that the wagon would not go into the mud as the plaintiffs said, and that there was not so deep a

hole as the plaintiffs claimed.     In rebutting, the plaintiffs gave the testimony of Campbell, who passed over the road one or two days after the accident, who described his team, the condition of the road at the place of the accident, and how his team and wagon operated and were affected in getting over it, and how another team that followed him was affected, all tending to show that, at that time, the road was in the condition claimed and testified to by the plaintiffs, and not in such condition as the testimony of said two selectmen represented it. This testimony of Campbell was given in rebutting, and was of the same character as, and applied itself directly to, the testimony given by said selectmen, and was clearly competent for the purpose of rebutting that testimony of the selectmen.    Of course, then, it could not be excluded, even if it might be regarded as not competent in the opening upon the main issue.    In such case, it is to be assumed that the court gave the jury proper instructions as to the legitimate use and application to be made by them of the testimony, unless the contrary appears by the bill of exceptions, as it does not in the present case.    This view sufficiently disposes of the point made upon this subject.    And yet as the subject has been fully debated, and properly, as it is presented by the exceptions, we deem it within the province of our duty to express the unanimous opinion of the court, that the evidence was proper to be considered upon the main issue, and if it had been offered in the opening by the plaintiffs, it would have been the duty of the county court to permit it to be given.

It was not opening a collateral issue, in the sense claimed by the defendants' counsel, but was direct to the material issue, viz : What was the condition of the road?    It involved no question of the care and diligence of the witness, or of any liability of the town by reason of what happened to the witness or his team.    It was in part descriptive of the road as observed by the eye ; and, in part, illustrative of the particulars of its condition, as by an experiment.    The point in dispute was made by the claim of the plaintiff that there was a place in the road, between two logs, into which his wagon wheels dropped and sunk in the mud and water near to the axle.    If, the day after, another person in passing over the place had his wagon wheel drop into that place, in that way, it would be pretty potent

evidence that such a place was there as the plaintiff claimed.   It is difficult to see why this mode of showing the extent and depth of such a place is more collateral to the main issue, than if the witness had testified that he went there the next day, and with a measuring rule found the ditch three feet wide, and two feet deep, in the bottom of which was a foot and a half of mud and water.   It seems to the court that the principle of the decision in *Kent* v. *Lincoln,* 32 Vt. 591, is applicable in this case, and that the analagy of the cases in this respect makes plain the propriety of applying it in this case.

In holding as we do, we do not understand that we are trenching at all upon the doctrine of the cases and the text books cited, so far as they stand upon the ground of raising and presenting collateral issues.   A fact, that illustrates, as by an experiment, the condition of the subject matter of the issue in controversy, is not collateral to that issue, but is direct evidence bearing upon it.   Whether the witness is to be credited in testifying to the fact does not bear on the competency of the testimony, any more than in case a witness testifies that he made certain measurements and what he found to be the heights and lengths and breadths of the objects in question.   He is open to contradiction, and to be encountered by all the legitimate means of showing that his testimony is incorrect and unreliable ; but this does not make the subject matter of his testimony collateral to the main issue.

The remaining question is made upon the charge of the court as to want of care on the part of the plaintiffs.   We infer from what is stated in the exceptions, that the court explained to the jury in what a want of care would consist, and what it was the duty of the plaintiffs to do in order to be in the exercise of such care as would shield them from the imputation of a want of care—such care as persons ordinarily exercise for the purposes of such a journey, and in such conjunctures in performing such a journey.   This we understand to be what is meant in the exceptions by the expression, " the requisite degree of prudence." In respect to this, no exception was taken.   But the court proceeded to tell the jury, " you will then inquire whether such want of care and prudence contributed to the accident." " If you find that it did not, that

the accident would have happened the same if such want had not existed, then such a want of care is of no consequence in the case, and will not prevent a recovery." If the latter clause of the premises of this proposition was to be regarded as meaning just what it would mean if it stood alone, we should hold it erroneous, though it finds countenance and example in the language of several of the English and some American judges. It appears to us that a case may, and is likely enough, to occur, in which the want of the requisite care and prudence may have contributed to the accident, and still it would have occurred independently of such want of care and prudence. The test is not, whether it would have occurred independently of such want of care and prudence, but whether such want of care and prudence contributed in any degree, in point of fact, to the happening of the accident. If it did so contribute, the plaintiffs cannot recover, for the reason that the court and jury cannot be called on to determine the proportionate effect of the concurring fault of both parties ; and hence it must appear from all the evidence, that the fault of the plaintiff did not contribute at all to the happening of the accident.

In order for the plaintiff to make a case upon which he may safely rest, it is necessary that he should submit a state and character of evidence upon which the jury would be authorized to find affirmatively, both that the defect in the road operated to produce the accident, and that no want of care on his part contributed to it. This is what he assumes, and this burden goes with him throughout the case, and, in the end, he must be able to have the jury, upon the whole evidence, find affirmatively the same that was necessary to be established by his opening evidence, at the time he rested upon making his *prima facie* case. If the defect in the road did thus operate, and no fault of his contributed, then it was produced wholly by the defect in the road ; if his fault contributed, then it was not produced wholly by the defect in the road, and he cannot be allowed to recover for the consequences of an accident to which his own fault contributed, hower slightly, and even though the accident would have happened if his fault had not contributed to it.

What then did our brother STEELE mean and give the jury to

understand by the language used in the part of the charge recited in the exceptions? Upon the best consideration we have been able to give the subject, we think he meant, and was understood to mean, just what would have been explicitly expressed if he had said : " If you find that such want of care did not contribute to the accident, then it is of no consequence in the case, and will not prevent a recovery," and had omitted the clause, " that the accident would have happened the same if such want had not existed." We think that clause was used and understood as expressing the result of the fact ; that the want of care did not contribute to the accident, viz : that the accident would, in that event, have happened the same if such want of care had not existed, and is to be taken in that sense in connection with that fact ; and is not to be regarded as a proposition either independent of, or alternative to, the preceding expression.

Such being the construction we give to this form of putting the point to the jury, the inquiry then is, whether in case the plaintiff is chargeable with a want of the exercise of ordinary care, it is proper to put it to the jury to find whether such want contributed to the accident, to the end that, if it did not, it would not defeat the plaintiff's right of recovery.

It may here be asked, why does the want of care become of any importance in such cases? The only answer is, because it may have contributed to the happening of the accident. If it did, the result in the law is that he cannot recover. But if it did not thus contribute, then what? Is it to have the same effect as if it did? We think no reason resting on principle, or evolved by legitimate logic can maintain such a view. Nor indeed is it attempted in this case to be maintained by such means ; but certain economical considerations, arising from views of policy, are urged upon us for adopting the rule, and mainly, that the jury is launched into the regions of doubt, to steer by guess, in coming to the result, whether the want of care did contribute to the accident. But it is very plain that this reason is no more apt or potent in this respect, than in reference to many things that are clearly within the province of the jury to determine as matter of mere judgment and opinion, predicated

Prindle *v.* Fletcher.

upon evidence and facts. It is no more a matter of doubt and guessing, than whether the plaintiff was in the exercise of ordinary care and diligence, whether the town was guilty of neglect in the condition of the highway, and so on through a long list of subjects and questions, which juries are daily called on to consider and decide.

Again, it may be remarked, that we think the idea never was presented in any case, in the instructions given by the court, to the jury, that the want of care and prudence would prevent the plaintiff from recovering, only as it embodied, and was pointed by the idea, that such want of care contributed to and helped produce the accident. If so, it has escaped the experience and observation of the present members of the court, and has not been shown by any of the books that have been read to us in the argument.

The judgment is affirmed.