Hamilton *et al. v.* Browning *et al.*

Filed March 26, 1884.

---

No. 10,560.

HAMILTON ET AL. *v.* BROWNING ET AL.

PLEADING.—*Practice.*—There is no available error in sustaining a demurrer to a special denial, if the general denial be also pleaded.

CHATTEL MORTGAGE.—*Assignment.*—The assignment of a chattel mortgage without the debt secured by it passes no right whatever to the assignee.

REPLEVIN.—*Parties.*—*Verdict.*—*Judgment.*—In a joint suit in replevin, there may be a verdict and judgment for one plaintiff and against the others. R. S. 1881, section 568.

SAME.—*Demand.*—Where the property has been wrongfully taken by the defendant from the plaintiff's possession, no demand is necessary to maintain replevin.

From the Monroe Circuit Court.

*S. B. Voyles* and *H. Morris,* for appellants.

*G. W. Friedley, E. D. Pearson* and *N. Crooke,* for appellees.

HAMMOND, J.—Action by the appellees against the appellants to recover the possession of a horse. The venue was changed to the court below from the Lawrence Circuit Court, in which the action was commenced.

The appellants answered jointly in two paragraphs. The appellant Alice M. Hamilton filed a cross complaint, which is designated as the third paragraph of the answer. The appellees' demurrer, filed to the second paragraph of the answer, was sustained. The appellees answered the cross complaint in three paragraphs, to the second and third paragraphs of which the appellant Alice unsuccessfully demurred. She then replied by the general denial. The issues were tried by the court and a finding made in favor of the plaintiff Browning, but against the other plaintiffs. Judgment was rendered on the finding over the appellants' motions in arrest of judgment and for a new trial. The rulings mentioned were severally excepted to, and are assigned for error.

The objections urged against the complaint have been removed by a full copy of that pleading which has been certified, under a *certiorari,* since the filing of appellants' brief.

The first paragraph of the appellants' answer was the general denial. The facts stated in the second paragraph of their answer amounted to nothing more than a special denial, and as evidence of such facts was admissible under the first paragraph, the error, if any, of sustaining the demurrer to the second paragraph, was harmless.

In her cross complaint, the appellant Alice sought to foreclose a mortgage on the property in controversy. This mortgage was alleged to have been executed by her co-appellant

to Daniel D. Hamilton to secure the payment of a note for $100. She averred in her cross complaint that the mortgage had been assigned to her, but there was no allegation that the note secured by the mortgage had been transferred to her. The assignment of a mortgage, without the assignment of the debt secured by it, transfers nothing to the assignee. *Hough* v. *Osborne*, 7 Ind. 140; *Johnson* v. *Cornett*, 29 Ind. 59; *Hubbard* v. *Harrison*, 38 Ind. 323. The cross complaint being wholly insufficient, there was no available error in overruling the appellants' demurrer to appellees' second and third paragraphs of answer thereto. A bad answer is good enough for a bad complaint. Without deciding the question, it may be suggested as doubtful, whether, in an action like the present, the remedy sought by the cross complaint would be allowable in any event.

It is objected to the finding of the court that as the evidence did not show a joint ownership of the property in all the appellees, there could not be a finding in favor of one of them and against the others. But section 568, R. S. 1881, provides that "judgment may be given for or against one or more of several plaintiffs, and for or against one or more of several defendants."

It is also urged against the finding that the evidence failed to show a demand before suit. It was proved that the appellee Browning purchased the horse in controversy at a sale under execution against the property of the appellant James N. Hamilton; that at the sale the property was claimed by the appellant Alice under the mortgage mentioned in her cross complaint; that when the sale was made, the officer delivered the horse to Browning, and that the appellant James, acting as it may be inferred for Alice, then took possession of the horse without Browning's consent. Under the evidence, we think no demand for the property from the appellants or either of them was necessary before bringing suit.

It may be gathered from the bill of exceptions, that the note and mortgage referred to in the cross complaint were

put in evidence. But they are not copied in the bill of ex-- ceptions, nor is reference therein made to the page of the transcript where they may be found. They are not in the record as evidence in any manner provided by statute, and can not, therefore, be considered. Section 626, R. S. 1881 ; *Crumley* v. *Hickman,* 92 Ind. 388. The mortgage and note, not being in evidence, we are unable to say that Alice was entitled to the possession of the property under section 722, R. S. 1881, until the debt secured by the mortgage was paid.

There was no error in overruling the appellants' motion for a new trial.

Affirmed, with costs.

