Louisville, New Albany and Chicago Railway Co. *v.* Lange *et al.*

Filed October 18, 1895.

No. 1,715.

## LOUISVILLE, NEW ALBANY AND CHICAGO RAILWAY COMPANY *v.* LANGE ET₍ AL.

RECOVERY.—*By Part of Plaintiffs Only.*—*Pleading.*—*Proof.*—When the fact that all the plaintiffs are not entitled to recover does not appear upon the face of the complaint, but is developed by the evidence, this does not prevent a recovery by part only.

APPELLATE COURT PRACTICE.—*Prejudicial Error —Reversal.*—Error for which a cause may be reversed should be such as, at least, might have been hurtful to appellant.

EVIDENCE.—*Rejected.*—*Harmless Error.*—Where the question concerning which evidence was rejected was determined in favor of the party offering the evidence, the error in rejecting the evidence, if any, was harmless.

SAME.—*Railroad.*—*Damage by Fire.*—*Other Fires About Same Time.* —In an action against a railroad company for damage by fire, evidence of other fires started along the line of the road by defendant's engines about the time of the occurrence in controversy, is admissible in evidence.

Ross, J., dissents.

VOL 13—22

Louisville, New Albany and Chicago Railway Co. *v.* Lange *et al.*

From the Lake Circuit Court.

*E. C. Field,* *W. S. Kinnan,* *B. K. Elliott* and *W. F. Elliott,* for appellant.

*J. Kopelke* and *A. L. Jones,* for appellees.

GAVIN, J.—Appellees, Lange and Gross, sued appellant to recover for the loss of a lot of hay belonging to them, and destroyed by fire negligently set out by appellant.

The averments of ownership are sufficient, and are not in the nature of mere conclusions from the antecedent facts set forth. They are direct and unequivocal.

It is earnestly insisted by counsel that the judgment should be reversed because the complaint avers a joint cause of action in both plaintiffs, while the proof establishes a several right of action in one only. Conceding without deciding the fact to be as claimed, we do not think the result sought necessarily follows.

The authorities in Indiana establish that where several plaintiffs join in a complaint, it must show a cause of action in all or it will be liable to demurrer for want of facts. *Peters* v. *Guthrie,* 119 Ind. 44 ; *Brown* v. *Critchell,* 110 Ind. 31 ; *Berkshire* v. *Shultz,* 25 Ind. 523 ; *Steinke* v. *Bentley,* 6 Ind. App. 663.

In these, however, and in all the other cases cited by counsel, the question arose as one of pleading and not upon the evidence. Both the statute and the authorities are against the further proposition advanced by counsel, that where the fact that all are not entitled to recover does not appear upon the face of the complaint, but is developed by the evidence, then none of the plaintiffs can recover.

Section 577, R. S. 1894, provides : "Judgment may

be given for or against one or more of several plaintiffs, and for or against one or more of several defendants." Our decisions uphold the statute. *Nicodemus* v. *Simons*, 121 Ind. 564; *Rush* v. *Thompson*, 112 Ind. 158; *Hamilton* v. *Browning*, 94 Ind. 242.

When Mr. Pomeroy, in his Code Remedies, sections 2130 and 2115, classes our State among those holding a contrary doctrine, he is in error.

It is clear then that if it appeared that Lange alone was technically and strictly the owner of the hay, as a tenant in possession, judgment might properly, and ought to, have been rendered in his favor. Should the erroneous verdict and judgment for both be reversed? It is a cardinal principle of appellate jurisprudence that the error for which a cause may be reversed should be such as, at least, might have been hurtful to the appellant. Elliott App. Proced., section 632. The learned counsel for appellant have in no way indicated how appellant could be prejudiced by this error. Admitting (for the purpose of considering this question) that it negligently destroyed the hay and is legally bound to pay for it, it is to the appellant a matter of utter indifference whether it pays one or both. By the issues the appellant was advised that it must be ready to meet the claim, whether the hay was owned by one or both. By the judgment Lange is undoubtedly forever barred and estopped from again recovering for the hay upon the plea that it belonged to him individually. *Earnest* v. *Barrett*, 6 Ind. App. 371; *Singleton* v. *O'Blenis*, 125 Ind. 151.

As we have said, counsel have not indicated, nor are we able to perceive any contingency upon which harm could result to the appellant by the error if error there was. While we concur in the statement of counsel that the proceedings of courts should be in methodical man-

ner and according to established rules, we are unwilling to say that either justice or the law requires that we should reverse a cause for a departure from correct procedure by which the appellant neither was nor could have been injured.

Since the question to which appellant's rejected evidence was directed was, by the special findings of the jury, shown to have been determined in its favor, it was not injured by the court's ruling.   *Keller* v. *Reynolds,* 12 Ind. App. 383.

The evidence of other fires started along the line of the road by appellant's engines about the time of the occurrences in controversy was properly admitted under the authority of *Evansville, etc., R. R. Co.* v. *Keith,* 8 Ind. App. 57.

Judgment affirmed.

Filed October 18, 1894.

## DISSENTING OPINION.

Ross, J.—For the reasons stated in dissenting opinion in *Evansville, etc., R. W Co.* v. *Keith, supra,* I cannot concur in that part of the opinion of the majority, holding that it was not error to permit appellees to prove that other engines of appellant set other fires about the same time it was charged this fire was set.

Filed October 18, 1895.