FERGER ET AL. v. INTERPROVINCIAL FLOUR MILLS, LIMITED.

[No. 11,565.    Filed June 26, 1923.]

1. APPEAL.—*Review.—Verdict.— Evidence.—Sufficiency.*—Where there is some evidence to sustain the verdict, there will be no reversal for insufficiency of evidence. p. 249.

2. EVIDENCE.—*Sufficiency.*—Where there is no evidence to the contrary, very slight evidence will be sufficient to sustain a fact. p. 249.

3. APPEAL.—*Presenting Questions for Review.—Refusal to Suppress Depositions.—Failure to Incorporate Portions of Deposition in Record.*—Error assigned on the refusal to suppress a deposition for the reason that it was not read to deponents nor signed by them nor properly certified, presents no question for review, where appellants have failed to set out the certificate or any part of the deposition except a brief summary of the testimony of a part of the witnesses, notwithstanding appellant's claim that portions of the deposition, claimed to be erroneous, were not read into the record, since, if they desired to predicate error thereon, it was their duty to see that such omitted portions were properly made part of the record. p. 250.

4. APPEAL.—*Questions Presented.—Rulings on Evidence.—Specification of Error.*—Rulings of the trial court in overruling appellants' objections to questions propounded to witnesses and in refusing to strike out the answers thereto, and in sustaining objections to questions propounded by appellants, present no question for review, where appellants fail to give their objections to the questions complained of, or their reasons why the answers thereto should be stricken out, or offers to prove by answers to questions sought to be propounded by them, and where no exceptions to the rulings saved, except as noted in the points and authorities in the brief. p. 250.

5. APPEAL.— *Review.— Intervening Error.— Erroneous Instructions.—Right Result.—Statutes.*—Any error in the giving or refusal of instructions will not justify a reversal where a right result has been reached, in view of §700 Burns 1914, §658 R. S. 1881. p. 250.

From Johnson Circuit Court; *Fremont Miller,* Judge.

Action by the Interprovincial Flour Mills, Limited, against Edward Ferger and others, partners, doing

business under the name and style of C. Ferger and Company. From a judgment for plaintiff, the defendants appeal. *Affirmed.*

*Featheringill & Drybread* and *William E. Reiley,* for appellants.

*Bingham & Bingham,* for appellee.

NICHOLS, J.—This is an action for breach of contract. The appellee sued appellants alleging that they ordered 550 sacks of flour from it at certain specified prices and then refused to accept the same on the date of delivery. Appellants answered in general denial.

The jury returned a verdict for appellee. Appellants rely for reversal upon the action of the court in overruling their motion for a new trial. They 1, 2. say that there was no evidence that they were partners, nor that any of them had any interest in the business except appellant Harry Ferger, but we are not impressed with this contention. The evidence shows that the business of C. Ferger & Company was formerly conducted by Charles Ferger, the father of appellants, and that the children have been conducting the business ever since his death. This is certainly some evidence that each of appellants had some interest in the business, and where there is some evidence to sustain the verdict there will be no reversal. We need cite no authorities to sustain this well-established rule. It is also a rule of law that where there is no evidence to the contrary, very slight evidence will be sufficient to sustain a fact. *Moody* v. *State* (1882), 84 Ind. 433; *Louisville, etc., R. Co.* v. *Goodbar* (1882), 88 Ind. 213; *Morris* v. *Reyman* (1913), 55 Ind. App. 112, 103 N. E. 423.

Appellants next complain that the court erred in refusing to suppress the deposition of three certain wit-

nesses for the reason that it is not shown that 3, 4. the deposition was read to the deponents, nor signed by them, nor that it was properly certified; but they have failed to set out any part of the deposition except a brief summary of the testimony of two of the witnesses, and have failed to set out the certificate. Appellants say that the portion of the deposition of which they complain were not read into the record, but if they desired to predicate error thereon, it was their duty to see that such omitted portions were properly made a part of the record. No question, therefore, as to this alleged error is presented. Appellants rely for reversal upon numerous rulings of the court in overruling their objections to questions propounded to witnesses, in refusing to strike out the answers thereto, and in sustaining objections to questions propounded by appellants, but in no instance, do appellants set out objections to such questions, or give the reasons for striking out the answers, or offers to prove by answers sought to questions propounded by them. There are no exceptions shown to the rulings of the court except as noted in the points and authorities. These rulings, therefore, present no question for our consideration. *Robinson* v. *State* (1916), 185 Ind. 119, 113 N. E. 306.

Objections are made to certain instructions, but we have carefully examined the instructions given, as well as those refused, and we hold that there was no 5. error in the court's rulings thereon, and even if there were, it is apparent that a right result has been reached, and errors on instructions would not justify a reversal. *Ohio Oil Co.* v. *Detamore* (1905), 165 Ind. 243, 73 N. E. 906; *Records* v. *Smith* (1920), 72 Ind. App. 618, 126 N. E. 335, 338; §700 Burns 1914, §658 R. S. 1881.

Judgment affirmed.