CENTRAL AMUSEMENT COMPANY v. VANNOSTRAN.

[No. 12,381.    Filed June 3, 1926.    Rehearing denied December
16, 1926.]

1. THEATERS AND SHOWS.—*Whether the defendant was guilty of
negligence or plaintiff of contributory negligence was question
for jury.*—In an action for injuries received in leaving a dark-
ened theater during a performance by falling from a raised
part of the floor into the aisle some inches below, no warning
having been given of the danger, whether the defendant was
guilty of negligence or the plaintiff guilty of contributory neg-
ligence was a question for the jury.    p. 478. ·

2. THEATERS AND SHOWS.—*Evidence held to sustain finding that
person attending a theater was not a mere licensee, but was
present on invitation of the management.*—In an action for
injuries received by a patron of a theater in leaving the build-
ing after witnessing a performance, evidence *held* to sustain
finding that plaintiff was not a mere licensee but had attended
the performance on the invitation of the management; a
"theater" being an edifice used for dramatic or other perform-
ances, for admission to which an entrance fee is paid.    p. 479.

3. EVIDENCE.—Very slight evidence is sufficient to sustain find-
ing where there is no evidence to the contrary.    p. 479.

4. THEATERS AND SHOWS.—*Evidence that other persons had pre-
viously fallen from the same platform into aisle of theater was
admissible in action for injuries received therein.*—In an action
for personal injuries received while leaving a theater by falling
from a platform into the aisle some inches below, evidence that
other persons had previously fallen from the same platform
was admissible where the construction and arrangement had
remained the same.    p. 479.

5. APPEAL.—*Judgment will not be reversed for erroneous in-
struction where appellant has not set out all the instructions
given.*—Since the amendment of Rule 22 of the rules of the
Supreme and Appellate Courts in 1924, a judgment will not be
reversed for the giving of an erroneous instruction where ap-
pellant has not set out all the instructions given, as required
by said rules, especially where appellee asserts that the jury
was fully instructed on the same subject-matter and this is
not denied.    p. 480.

6. APPEAL.—Appellant waives any error in an instruction by
failing to set it out in his brief.    p. 480.

7. THEATERS AND SHOWS.—*Persons attending a theater have a
right to assume that the premises are safe.*—Persons attending
a theater have a right to assume that those conducting a
theater have discharged the duty of making the premises safe

and have exercised reasonable care in maintaining it in a reasonably safe condition.    p. 480.

8.   THEATERS AND SHOWS.—*Instruction as to negligence in maintaining a "step-off" in theater auditorium.*—In an action for injuries received while leaving a theater by falling from a platform into the aisle some inches below, an instruction that the jury might determine whether such platform was an unnecessary hazard to the patrons of the theater, and, if it so found, then defendant was negligent in maintaining it, was not error.    p. 480.

9.   APPEAL.—*No question presented as to instructions unless all instructions given are set out in appellant's brief.*—Since the amendment of Rule 22 of the Supreme and Appellate Courts in 1924, an instruction will not be held erroneous because it does not direct the jury to render a verdict in harmony with the preponderance of the evidence where appellant has not set out in his brief all the instructions given, as it will be assumed that other instructions correctly directed the jury, in this respect.    p. 481.

10.   THEATERS AND SHOWS.—*Instruction as to negligence in maintaining uneven floor in theater.*—In an action for injuries received by a patron while leaving a theater by falling over a "step-off" in the floor, an instruction that if the theater floor was so uneven that a person of ordinary care and prudence would be likely to stumble and fall over the same, then the jury might conclude that the management of the theater had been guilty of negligence in allowing it to remain in that condition, was not erroneous.    p. 481.

From Marion Superior Court (A 26,933) ; *Theophilus J. Moll,* Judge.

Action by Emma M. VanNostran against the Central Amusement Company.   From a judgment for plaintiff, the defendant appeals.   *Affirmed.*   By the court in banc.

*Elmer E. Stevenson,* for appellant.
*Don R. Fench,* for appellee.

NICHOLS, C. J.—Action by appellee against appellant for damages for personal injuries alleged by appellee to have been received by her by falling in an aisle of the Lyric Theater in Indianapolis, Indiana, operated by appellant.

Appellee in her complaint charges negligence in having the seats in the rear of the Lyric Theater placed upon a floor or platform several inches higher than the aisle through which the seats were reached, and in having the place insufficiently lighted without any warning of danger. It is alleged that appellee, in leaving a seat in the rear of the theater, fell over the "step-off" and into the aisle with such force that her left arm was broken at the wrist.

There was an answer in general denial, a trial by jury, and a general verdict in favor of appellee awarding her damages in the sum of $750.

Appellant's motion for a new trial was overruled, and judgment was rendered on the verdict in favor of appellee.

The error relied on for reversal is that the court erred in overruling appellant's motion for a new trial.

Appellant's first contention is that the verdict of the jury is not sustained by sufficient evidence.

It is undisputed that there was a "step-off" at the place where appellee fell, and that the last two rows of seats were on a platform back of the "step-off."

1. The aisle slanted up to where the platform was, which was three or four inches above the slanting floor. The ushers had gone home, and there was no one to warn of danger. Appellee and her companion occupied seats in the second row from the rear, which would be the front row on the platform. A marble barrier back of the seat threw the last two rows in a shadow. During vaudeville performances, the lights were turned out and there was no warning of the presence of danger. Appellee never sat in that part of the theater before, and did not notice the "step-off" as she went in. Appellee started to leave the theater during the time of a performance, and because of the darkness and the want of warning of danger, she fell as she

stepped from the platform into the aisle, and was injured. With such evidence before it, it was for the jury to say whether appellee's injuries were the result of appellant's negligence, and whether she was guilty of contributory negligence.

Appellant next contends that there is no evidence whatever that appellee was in appellant's theater by invitation, express or implied, nor that she had 2, 3. paid any admission fee, nor that the theater was at the time being operated for reward or profit, reasoning therefrom that appellee was a mere licensee, and that she enjoyed the license subject to its attendant risk. But we are not impressed with this contention. Appellant's place is a theater, which is defined as an edifice used for the purpose of dramatic, or operatic, or other representations, plays or performances, for admission to which entrance money is received. Black, Law Dictionary (2d ed.) 1151. It, with other theaters, was owned and controlled by appellant, with a manager in charge, whose business it was to check up on the cashiers. Appellee went to the theater for the purpose for which it was operated, was allowed to enter, and occupied a seat during a regular performance. From these facts, and in the absence of any evidence to the contrary, the jury might reasonably infer that appellee was in the theater for the mutual advantage of herself and appellant. Where there is no evidence to the contrary, very slight evidence is sufficient to sustain a fact. *Ferger* v. *International Flour Mills* (1923), 80 Ind. App. 248, 140 N. E. 450.

It was not reversible error for the court to permit evidence of other persons falling from the same step-off, either before or after the time of the accident 4. here involved, it appearing that the construction had remained the same. *Cleveland, etc., R. Co.* v.

*Newell* (1885), 104 Ind. 264; *Louisville, etc., R. Co.* v. *Lange* (1894), 13 Ind. App. 337, 41 N. E. 609.

Appellant contends that it was reversible error to give instruction three, which instructed the jury that if certain elements of negligence were proved, appellee was entitled to recover, omitting from such instruction the element of contributory negligence. Appellant has not set forth all the instructions given, but appellee says, and we assume that she is correct, that the jury was fully instructed as to contributory negligence in other instructions given. If so, there was no reversible error in omitting it from this instruction. *Artificial Ice, etc., Co.* v. *Waltz* (1925), 146 N. E. (Ind. App.) 826; *J. Wooley Coal Co.* v. *Tevault* (1918), 187 Ind. 171, 190, 118 N. E. 921.

Appellant's attention is directed to the requirement as to instructions of fifth clause Rule 22, of the rules of the Supreme and Appellate Courts.

Appellant waives any error as to instruction No. 2, requested by appellee and given by the court, by failing to set it out anywhere in his brief. In quoting from instruction No. 2, requested by appellee and given, appellant stops too soon. The full quotation should be: "Persons attending a theater have a right to assume and act upon the assumption that a person or corporation conducting a theater has discharged his or its duties to make such premises safe, and has exercised such reasonable care in maintaining it in such a reasonably safe condition as is consistent with its practical purposes." With this full statement as to the duties of those operating a theater, there was no reversible error in giving instruction No. 2.

Instruction No. 3 requested by appellee and given by the court, as modified, advised the jury, in effect, to consider whether the step-off complained of was an unnecessary hazard to the patrons of the

theater, and informed the jury that if it should so find, then appellant was guilty of negligence in maintaining the same. We see no reversible error in such an instruction.

Complaint is made of instruction No. 4 because it made no reference whatever to the evidence given in the case. We assume, however, that in some other instruction given by the court, but not set out in appellant's brief, the jury was fully instructed as to its duty in rendering the verdict in harmony with the preponderance of the evidence, governed by the law given by the court. This statement applies with equal force to instructions Nos. 7 and 8 requested by appellee and given by the court as modified.

Instruction No. 6 instructed the jury that if it found from the evidence that appellant's theater floor was uneven in such a manner that a person of ordinary care and prudence, and exercising such care upon attending such theater, would be likely to stumble and fall over the same, it might consider that appellant had been guilty of negligence in allowing it to be so constructed and to remain in such condition. There was no error in giving this instruction.

We cannot say that the damages assessed were excessive.

Judgment affirmed.

### ON PETITION FOR REHEARING.

NICHOLS, J.—Appellant complains earnestly that it was reversible error to permit evidence that other persons had stumbled and fallen at the same place at other times, but authorities of this state, in addition to those cited in the original opinion, as well as the authorities of other states, fully justify us in holding otherwise.

In the *City of Indianapolis* v. *Scott* (1880), 72 Ind.

197, the action was for damages because of personal injury to the plaintiff resulting from the negligence of the city in permitting a certain gutter-crossing to be out of repair.    The plaintiff was permitted to prove the condition of the gutter and crossing more than a year after the accident happened, on the statement of the plaintiff that she would produce evidence that there was no material change in the condition, and it was held that there was no error in the admission of such evidence.

In the *City of Fort Wayne* v. *Coombs* (1886), 107 Ind. 75, 7 N. E. 743, the action was for injuries resulting from a defective sewer.    The trial court permitted the plaintiffs to prove that there was a break in the sewer about 100 feet distant from the point where the break occurred which caused the injuries for which a recovery was sought, and it was held that such evidence was competent, in connection with other testimony in the case, for the purpose of charging the city with knowledge as well as for the purpose of showing that the materials used were defective, or the work of construction was not well done.

In *Indianapolis, etc., Traction Co.* v. *Monfort* (1923), 80 Ind. App. 639, 139 N. E. 677, the action was for personal injuries to the plaintiff caused by the negligence of the defendant in permitting its track and railroad line at a public highway crossing to be in a dangerous condition.    Evidence of other accidents of a similar character, at the same place was admitted, and the court, holding that there was no error in its admission, stated the rule to be that:    "It is a well-established principle that collateral evidence is admissible to show the happening of prior occurrences of a similar character under the same circumstances as the one involved, upon the ground that it tends to show that the place of the accident had been demonstrated to be unsafe and

dangerous." There was petition to transfer this case to the Supreme Court which was denied. Authorities from other states to the same effect are: *Morse, Admx., v. Minneapolis, etc., R. Co.* (1883), 30 Minn. 465; *City of Aurora* v. *Brown* (1882), 12 Ill. App. 122-130; *Walker* v. *Town of Westfield* (1867), 39 Vt. 246; *Shea* v. *Glendale, etc., Fabrics Co.* (1894), 162 Mass. 463; *Lowe* v. *Alton Baking, etc., Co.* (1910), 158 Ill. App. 458; *Smith* v. *City of Des Moines* (1892), 84 Iowa 685; *City of Emporia* v. *Kowalski* (1903), 66 Kans. 64; *Hunt* v. *City of Dubuque* (1895), 96 Iowa 314; *City of Kankakee* v. *Phipps* (1907), 135 Ill. App. 585; *City of Topeka* v. *Sherwood* (1888), 39 Kans. 690, 18 Pac. 933; *Cook* v. *New Durham* (1887), 64 N. H. 419, 13 Atl. 650.

Petition for rehearing denied.