NEITZELT, ADMX., APPELLANT, *v.* THE NEW YORK, CHICAGO & ST. LOUIS RD. CO., APPELLEE.

(No. 2726—Decided October 1, 1956.)

*Mr. John Rossetti* and *Mr. Leander J. Zwick, Jr.,* for appellant.
*Mr. Donald Raley* and *Mr. Clyde Wright,* for appellee.

MONTGOMERY, P. J. The jury having been empaneled and sworn to try the issues in the above case in the Court of Common Pleas, the defendant made a motion for a directed verdict on three grounds.

The trial court sustained two of those grounds, to wit, that the petition did not state a cause of action, and that the facts recited in the opening statement on behalf of plaintiff were not sufficient to state or constitute a cause of action.

A verdict was consequently directed, and, thereafter, judg-

ment was entered upon the verdict. From that judgment this appeal is perfected.

A motion for new trial was, of course, duly filed in the Court of Common Pleas, and, in overruling it, the trial court rendered an opinion, to which we refer. In the opinion the trial court set forth the essential facts averred in the petition and as stated in the opening statement, and they need not be repeated here.

We might well rest our conclusion upon the opinion of the trial judge, which is approved and adopted.

However, two or three suggestions should be made in addition thereto, to wit:

The petition clearly is demurrable and does not state a cause of action. Its insufficiency "may be asserted at any stage of the case—by a motion for directed verdict or by a motion for new trial containing an assignment that the verdict is contrary to law." See *Bozzelli* v. *Industrial Commission*, 122 Ohio St., 201, paragraph four of the syllabus, 171 N. E., 108.

It may be debatable whether the opening statement changed the situation at all, or whether the petition would have stated a cause of action had this statement in the opening statement been incorporated.

The change is in this language:

"That said children were seen and observed by grown men who were placed in charge of this train by the company; that these men noticed the boys playing or observed boys playing in and about the cars, and that, nevertheless, the cars were started and the resulting accident occurred."

Of course, that goes far beyond anything that appears in the petition, but it is to be observed that the petition and not the opening statement is controlling. The opening statement is not necessarily a part of the record, unless made so. In other words, it is not essential that it be incorporated, and in most instances is not incorporated. The plaintiff, to recover, is bound by his petition, and the proof is limited to the allegations of the petition or its amendment; and in this case there was no such amendment.

The purpose of an opening statement is not to add to the

petition, but to enable counsel to state what he expects to prove under the allegations of the petition.

The judgment is affirmed.

*Judgment affirmed.*

McClintock and Putnam, JJ., concur.