Solley, Appellant, *v.* Shea Theatre Corporation, Appellee.[*]

(No. 912—Decided August 27, 1963.)

*Mr. C. P. Hoffman* and *Mr. R. E. Goforth*, for appellant.
*Messrs. Smith, Renner, Hanhart & Miller*, for appellee.

McLaughlin, J. Upon the opening statement of plaintiff's counsel, the trial court directed a defendant's verdict. Plaintiff appeals on questions of law.

The petition, read and included in the opening, clearly states a cause of action. However, these pertinent words were added:

"We have here what I call a mock-up but I think the judge

---

[*]Motion to certify the record overruled (38448), January 29, 1964.

called it a replica of the area. The evidence will show Mrs. Solley sat in this seat and Vicky sat in this seat. *That after sitting there for four or five seconds* they decided to move down further in the theater and as they rose and started out Mrs. Solley suddenly pitched head forward into the aisle, landing on her side.

"The evidence will show that at the time these two women went into the theatre that the lights in the auditorium were darker than those outside, that their eyes had to adjust to the difference in darkness and lightness and the evidence will show that there is a light bulb on this area here of the seat closest to the aisle and that light is to project light down into the carpeted aisleway. Then on this side there is a hole drilled in the metal bulge there that is to show light over into the area of their entry.

"*The evidence will show at the time that Mrs. Solley and daughter entered their row of seats that the light was not burning.* * * * The evidence will further show that at the time that Mrs. Solley entered there and *her eyes were not accustomed to darkness that she had no recollection of a step up to get in and as* she started out from where she stood up she was looking to see whether or not the people coming in the aisle would open enough to step out in the aisle.

"The evidence will show that *she assumed the floor in front of the seats was level* but when she turned and stepped over that suddenly she fell because there this was cut away." (Emphasis added.)

Our emphasized words present an inference of contributory negligence. However, it is rebuttable. In this situation contributory negligence must be conclusively shown. If there are opened other facts bearing on the subject from which a jury might reasonably infer no negligence, a directed verdict is erroneous. See *Kelly, Admr.,* v. *Bergen County Gas Co.,* 74 N. J. Law, 604, 67 A., 21.

In our opinion other facts were opened (the unusual two rows of raised platform seats—the particular light, to show the raised platform and the step up and the step down, was out —the high degree of darkness on the floor in front of the seats) from which a jury might infer that the plaintiff exercised that degree of care for her own safety which an ordinary prudent person would exercise under the same or similar circumstances.

In our opinion, upon the whole opening, it was for the jury to say whether this theatergoer was negligent under all the circumstances. This case in all respects is not unlike the case of *Central Amusement Co.* v. *VanNostran*, 85 Ind. App., 476, 152 N. E., 183, in which the Appellate Court of Indiana under similar circumstances declared that there was a question for the jury on that subject.

There are two Ohio cases, *Cornell* v. *Morrison*, 87 Ohio St., 215, and *Lighton* v. *Hower Corp.*, 149 Ohio St., 72. The learned trial court, in an opinion overruling the motion for a new trial, placed great reliance thereon. Both are distinguishable. The former was not a negligence case. The latter was not an opening-statement case but involved evidence in which the plaintiff made damaging admissions against interest.

This court in the case of *Neitzelt* v. *New York, Chicago & St. Louis Rd. Co.*, 101 Ohio App., 472, has held that "* * * the petition and not the opening statement is controlling," and that "The purpose of an opening statement is not to add to the petition, but to enable counsel to state what he expects to prove under the allegations of the petition."

In effect, that holding was that added words in an opening could not make a bad petition good. We would add here that counterpart that added words in an opening statement, where every reasonable intendment must be given to the plaintiff, could not make a good petition bad.

In the instant case the short record does not contain any words which show that plaintiff's counsel was given an opportunity to explain, supplement or detract from his opening. The record merely shows that argument of counsel took place on the directed verdict motion. In the trial court's opinion, it is simply stated that counsel was given such opportunity.

Counsel has not retreated from his original position even in this court, but the fact remains that we are bound by the record only.

Each and every assignment of error is sustained.

The judgment is reversed.

*Judgment reversed.*

Van Nostran, J., concurs.

188

RUTHERFORD, J., dissenting. Construing plaintiff's opening statement most favorably for the plaintiff, it discloses that plaintiff paid admission to enter defendant's theater and sat in the second seat from the aisle in the back row of seats. In entering she used a step to get up to the seat level, which step arrangement existed only at the back row where she entered. The bulb in the light installed in the bottom of the first seat in the back row and at the location of the step was not lighted. Plaintiff was not satisfied with the seat in the back row. After only four or five seconds she started to return to the aisleway and fell down the step, which moments before she had used to enter. Plaintiff's explanation in opening statement was that due to the foot-light being out she had not noticed the step upon entry and that "the evidence will show that she assumed the floor in front of the seats was level but when she turned and stepped over that suddenly she fell because there was this cut away."

At the close of the opening statement the defendant moved for a directed verdict following which the record indicates that the attorneys had a conference with the court and the motion was sustained. In the court's opinion the trial judge states that "counsel for the plaintiff was asked by the court if he desired to supplement or qualify his statement. Counsel informed the court that the facts had been correctly stated."

It seems pertinent that plaintiff has not, before the Common Pleas Court or before this court, contended that she was not given opportunity to explain; rather it is plaintiff's contention that the facts which have been correctly stated give rise to an issue to be determined by the jury, and that the court erred in directing the jury to return a verdict for the defendant on the ground that, assuming the defendant to have been negligent, upon the facts set forth in plaintiff's opening statement, the plaintiff was also guilty of negligence which contributed in some degree as a proximate cause of her injuries.

Plaintiff still maintains the same position before this court as in opening statement, for in plaintiff's brief, her counsel states, "as she moved toward the aisleway looking into the aisleway to determine that she could do so, when it was clear, she stepped, believing the floor to be level, and fell headlong into the aisle on account of the cut-away floor, sustaining serious injuries."

In the case of *Leighton* v. *Hower Corp.*, 149 Ohio St., 72, the Supreme Court of Ohio held:

"Where plaintiff's testimony discloses that she was 'temporarily oblivious' of the presence of a step which a few minutes before she had used, it shows a want of due care on her part and does not dispel the inference of her own negligence."

In that case plaintiff had entered a restroom in the defendant's retail store and, when leaving the restroom, fell over a step which she had used a few minutes before. There was evidence of poor lighting. A judgment rendered upon a jury verdict for the plaintiff was reversed by the Court of Appeals and final judgment was awarded defendant. In the opinion, on pages 82 and 83, the Supreme Court of Ohio said:

"Plaintiff's statement to the effect that she was temporarily oblivious of a step which a few minutes before she had used shows a want of due care on her part."

The judgment of the Court of Appeals was affirmed.

Plaintiff cites the case of *Central Amusement Co.* v. *VanNostran*, 85 Ind. App., 476, 152 N. E., 183, decided by the Appellate Court of Indiana as follows:

"1. In an action for injuries received in leaving a darkened theater during a performance by falling from a raised part of the floor into the aisle some inches below, no warning having been given of the danger, whether the defendant was guilty of negligence or the plaintiff guilty of contributory negligence was a question for the jury."

"7. Persons attending a theater, have a right to assume that those conducting a theater have discharged the duty of making the premises safe and have exercised reasonable care in maintaining it in a reasonably safe condition."

In its opinion the Indiana court stated at p. 479:

"* * * Appellee went to the theater for the purpose for which it was operated, was allowed to enter, and occupied a seat during a regular performance."

Plaintiff tries to distinguish these two cases and reach a conclusion whereby the Indiana decision rather than the Ohio Supreme Court decision would be applicable to the instant case. I reach a contrary conclusion.

It is noted that in the case before us, as in the case of *Leighton* v. *Hower Corp., supra,* it was only moments after entering over the step that plaintiff sought to make her exit over

the same conditions; whereas, in the case of *Central Amusement Co.* v. *VanNostran, supra*, plaintiff, after entry, had occupied the seat during a regular performance before leaving.

This element of time appears to be the distinguishing factor between the cases. In other words, a theatergoer has the right to assume that the management has discharged its duty to make the premises safe, and has exercised reasonable care in maintaining it in a reasonably safe condition, unless the theatergoer has knowledge to the contrary, or under the circumstances should in the exercise of ordinary care have knowledge to the contrary. It might well be a question for the jury as to whether such theatergoer, after sitting through a regular performance, should retain knowledge of a step over which she had entered, but I am unable to distinguish the case of *Leighton* v. *Hower Corp., supra,* so as to relieve the plaintiff from being chargeable with knowledge of the step which she had gone up only four or five seconds before, the time element in the instant case being even shorter than it was in *Leighton* v. *Hower Corp., supra.*

When, by admission in plaintiff's opening statement, which statement plaintiff contends to state the true facts and which plaintiff does not wish to further explain or clarify, plaintiff states that she assumed the floor to be level, when seconds before she had used a step at the same location, it shows a want of due care on her part, which, when stated to be the true fact, without wish to further clarify or explain, warrants the court in directing a verdict for the defendant, as a matter of law, upon the ground that the plaintiff was negligent and her negligence contributed in some degree as a proximate cause for her injuries. Assuming that defendant was negligent, the plaintiff is barred from recovery by her contributory negligence under the law of Ohio, which does not permit application of the doctrine of comparative negligence.

In *Cornell* v. *Morrison*, 87 Ohio St., 215, the Supreme Court of Ohio held in paragraph two of the syllabus:

"2. Where it appears from the record that counsel for plaintiff, in the statement of the case to the jury, stated in detail all the evidence that plaintiff proposed to offer in support of the allegations in his petition, and where it further appears that after the sufficiency of his statement was challenged, he was given full and fair opportunity to explain and qualify his state-

ment, and make such additions thereto as, in his opinion, the proofs at his command would establish, and with such explanation and qualification as counsel desire to make it is still apparent that the facts proposed to be proven would not sustain the essential averments of the petition and would not authorize a verdict and judgment for plaintiff, it is the duty of the trial court to sustain a motion to withdraw the case from the jury and enter a judgment dismissing plaintiff's petition and for costs.''

In *Cincinnati Gas & Electric Co.* v. *Archdeacon, Admr.,* 80 Ohio St., 27, the Supreme Court held in the syllabus as follows:

''Though issues joined in a case are triable to a jury, when the facts are conclusively determined in a manner not affected by material error the application of the law to such facts is a function of the court, and its exercise, when properly invoked, becomes a duty.''

A verdict should not be directed against either party upon opening statement of counsel, without great caution and without counsel being afforded an opportunity to explain, clarify or amend; but when counsel wishes to stand upon the statement as having stated the true facts, which the evidence will establish, and upon those facts, when construed most strongly in favor of the plaintiff, reasonable minds could reach only the one conclusion that the plaintiff was negligent and that her negligence contributed as the proximate cause of her injuries, it becomes the duty of the court to direct a verdict for the defendant, thus avoiding further unnecessary litigation.

In my opinion there is no error prejudicial to the plaintiff, and the judgments of the Common Pleas Court rendered for the defendant upon the directed verdict and overruling plaintiff's motion for a new trial ought to be affirmed.