SANTELLE, APPELLANT, *v.* SNYDER, EXRX., APPELLEE.

[Cite as Santelle v. Snyder, 3 Ohio App. 2d 246.]

(No. 3144—Decided August 11, 1965.)

*Mr. Frank Menster, Mr. L. M. Roraback* and *Mr. George Aman,* for appellant.

*Mr. V. F. Mills* and *Mr. Bruce Bixler,* for appellee.

McLAUGHLIN, J. A judgment was entered for defendant on the basis of an inconsistency between the plaintiff's opening statement and petition. This appeal on questions of law results.

The petition, in pertinent part, states:

"The plaintiff further says that the defendant's decedent resided in the home of the plaintiff from 1932 to 1957, and that the parties agreed upon a rental at the rate of thirty ($30.00) dollars per month, and that there was a delinquency on said account for the period of January 1, 1935 to March 1, 1945 of thirty-six hundred ($3,600.00) dollars, plus interest at the rate of 6%, and thereafter, the defendant's decedent continued to make payment *on said account,* together with the current payments, and at the time when said defendant's decedent moved from the residence of the plaintiff, in 1957, that there was the sum of thirty-six hundred ($3,600.00) dollars due and owing with interest at the rate of 6% from March 1, 1945." (Emphasis added.)

The opening statement, in pertinent part, states:

"The action is founded on a claim for rent. Nick Santelle had lived with Tom Santelle from starting around 1932 until about 1958. * * *

"As it turned out, he became able to pay in 1945, and made no payment until 1945, but this agreement was made when he originally started living with the Santelles. * * * and at that time it was agreed that he would pay thirty-six hundred dollars, and at that time he started paying thirty dollars a month, and he paid thirty dollars a month regularly as long as he lived there, until sometime in 1958. The old balance never changed. He paid month to month thirty dollars. When he left there, he still owed this thirty-six hundred dollars. * * *

"The evidence will show that the last payment that Nick made *on the account was February 11, 1958;* that after that time there were continued acknowledgments of the balance owing and, of course, his intention to pay it.

"In other words, the claim was made upon the estate, as required by law, and it was rejected; that the deceased, Nick Santelle, made these payments on the account continuously from 1945 until February 11, 1958. * * *

"To make sure that I haven't missed anything in my statement, I would like to read the petition to you and make it part of the statement" (Emphasis added.)

Whereupon the petition was so read and included.

At the conclusion of the opening statement this procedure followed:

"Mr. Mills: * * * Now comes the defendant, and in view of the inconsistent allegations between the opening statement and the petition. Now moves the court for leave to amend the defendant's answer by pleading the statute of limitations, said amendment by interlineation in the answer.

"Mr. Menster: Object to that.

"The Court: Overruled, and the motion will be sustained.

"Mr. Mills: * * * At the end of the first paragraph of the answer of the defendant, leave of court having been given to the defendant, the defendant now, by interlineation, to its answer, pleads as follows:

"The defendant further pleads that said statute of limitations has run against the claim of the plaintiff herein, and by reason thereof denies that there is any amount owing whatsoever to said plaintiff and asks that said petition be dismissed.

"The Court: Motion granted."

Appellant assigns two errors:

"(1) That the trial court erred in permitting defendant to amend her answer."

There can be no doubt that certain statements contained in the opening gave the defendant the right to amend her answer and raise the issue of whether the admissions contained in the opening as to these month to month payments were current rent payments for the particular month only, which would invoke the six year statute of limitations (Section 2305.07) or whether such payments were made as part payments on the whole rent account which would toll the statute under Section 2305.08. This was an issue of fact for the jury, which the court properly permitted to be raised by amended answer. The first assignment of error is overruled.

"(2) That the trial court erred in its dismissal of the action."

There are well-established rules of interpretation and construction as to the opening statements of counsel. Such rules are set forth in 52 Ohio Jurisprudence 2d 676 to 681, Trial, Sections 154, 155 and 156, with authorities cited thereunder.

It is well settled that in ruling upon a motion to dismiss, such as we have here, (1) a question of law only is presented, (2) if there are inconsistencies in the opening statement the court cannot disregard that part favorable to the plaintiff, (3)

the court must interpret the statement most favorably to the plaintiff and (4) the plaintiff must be given a full and fair opportunity to explain, amend, supplement and qualify his statement.

This court, in the case of *Neitzelt, Admx.,* v. *New York, Chicago & St. Louis Rd. Co.,* 101 Ohio App. 472, has held that "the petition and not the opening statement is controlling," and, in the second paragraph of the syllabus, held:

"The purpose of an opening statement is not to add to the petition, but to enable counsel to state what he expects to prove under the allegations of the petition."

In effect, *Neitzelt* held that added words in an opening statement could not make a bad petition good. We would add here the counterpart that mere added words in an opening statement, where every reasonable intendment must be given to the plaintiff, could not make a good petition bad.

In the instant case, the short record does not contain any words which show that plaintiff's counsel was given an opportunity to explain, amend, supplement or detract from his opening statements. As a matter of fact this record shows that plaintiff was denied that right.

This court, applying such established rules, is of the opinion that the alleged inconsistencies between the opening statement and the petition, when viewed in the context of the entire statement (and with particular reference to the sentence that "The evidence will show that the last payment made on the account was February 11, 1958" and with particular reference to the filing date of the petition, November 4, 1960), do not vitiate the legal effect of the opening statement; that the opening statement, in its entirety, is sufficient in law; and that the trial court committed prejudicial error in sustaining the motion to dismiss the action and entering judgment for the defendant.

The judgment is reversed and cause is remanded to the Common Pleas Court for further proceedings according to law.

*Judgment reversed.*

RUTHERFORD, P. J., and VAN NOSTRAN, J., concur.